R. A. CONRAD v. R. L. SHUFORD AND JULIUS SHUFORD.

(Filed 5 December, 1917.)

**1. Pleadings—Special Damage—Allegations—Automobiles.**

While special damages are required to be pleaded, the rule is not so restrictive as to necessitate special averment of all of the particulars of a general damage from an injury alleged to have been negligently inflicted; and where the plaintiff alleges that the negligent or reckless driving of the defendant's automobile frightened his horse and caused him to be thrown from his buggy, severely injurying his back, etc., it is sufficient for the introduction of his evidence that a wen on his back was bruised by the fall and became inflamed and very painful and troublesome, and should the defendant desire a more definite statement, he should ask for a bill of particulars.

**2. Evidence—Expert Testimony—Damages—Personal Injury.**

*Held,* in this action to recover damages for a personal injury alleged to have been negligently inflicted by the defendant, that the expert testimony of physicians that the injury could have caused inflammation of a wen of plaintiff's back, etc., was competent. *Mule Co. v. R. R.,* 160 N. C., 252, cited and distinguished.

**3. Evidence—Nonsuit—Trials.**

Upon a motion to nonsuit, the evidence is considered most favorably for the plaintiff, giving him the benefit of all just and reasonable inferences to be drawn therefrom, and under the evidence in this case it was properly denied.

**4. Negligence—Evidence—Other Occurrences—Automobiles.**

Where there is evidence tending to show that the negligent and reckless driving of defendant's automobile caused the plaintiff's horse to throw him from his buggy and injure him, it is competent to show that at the same time and place another horse, being driven ahead of the plaintiff's horse, also became frightened from the same cause, as corroborative evidence that the defendant's automobile was then being negligently and recklessly driven, and as a circumstance tending to show that it was in a manner that would frighten animals.

**5. Automobiles—Negligence—Evidence—Trials—Questions for Jury.**

Where there is evidence tending to show that the plaintiff's horse was frightened by the sudden, unnecessary and reckless sounding of the defendant's automobile horn, which caused the injury complained of, and also evidence that the horn was sounded only as required by the statute, the determination of the jury, under proper instructions, that it was done in the manner contended for by plaintiff, is conclusive.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at February Term, 1917, of CATAWBA, upon the following issues:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

3. What damage has plaintiff sustained? Answer: $200.

Judgment thereon, and defendant appealed.

Plaintiff alleged that while he was driving his team on a public road, the defendant, who was in an automobile, approached and passed him in such a negligent and reckless manner, and at such a high rate of speed, that his horses were frightened and ran away, throwing him violently to the ground and severely injuring his back, head, and breaking his nose and several ribs, whereby he was caused great bodily pain and mental suffering, and was subjected to much loss of time and to the payment of medical expenses for his care, etc., to his damage of $2,000. It is also alleged that the driver of the automobile, Julius Shuford, one of the defendants, had the reputation of being a careless and even reckless chauffeur. Plaintiff had a wen on his back, which was bruised by the fall, and became so inflamed as to be very painful and troublesome.

*McCorkle & Moose and Wilson Warlick for plaintiff.*
*W. A. Self and Walter C. Feimster for defendant.*

WALKER, J., after stating the case: First. The evidence as to the wen on plaintiff's back had already been admitted, without objection, when the defendant objected to a question of plaintiff's counsel in regard to it. If defendant can now raise the question as to its competency, we do not think it should have been excluded. It was sufficiently covered by the allegation as to the injuries in the complaint. Special damages must be pleaded, it is true. *Sloan v. Hart,* 150 N. C., 269. The rule is thus stated in 13 Cyc., pp. 175, 176: "Where, by reason of a certain wrong, or from the breach of a contract, the law would impute certain damages as the natural, necessary, and logical consequence of the acts of the defendant, such damages need not be specifically set forth in the complaint, but are, upon a proper averment of such breach or wrong, recover-

able under a claim for damages generally. Hence, where a willful wrong is committed, evidence of matters tending to aggravate the damages, when necessarily or legally arising from the act complained of, is admissible, without special averment. If the damages sought to be recovered are those known as special damages—that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary, in order to prevent surprise to the defendant, that the declaration state specifically and in detail the damages sought to be recovered." But the rule in pleading is not so stringent as to require a special averment of every immediate cause of the injury suffered. The primary and efficient cause of all the injury, however directly produced, and all the consequences resulting therefrom, are within the compass of the demand for compensatory damages. *Davis v. Wall,* 142 N. C., 450, 452, citing *Hammond v. Schiff,* 100 N. C., 161. "It is well established that, in a 'pure tort,' the case presented here, the wrong-doer is responsible for all damages directly caused by his misconduct, and for all indirect or consequential damages which are the natural and probable effect of the wrong, under the facts as they exist at the time the same is committed' and which can be ascertained with a reasonable degree of certainty. A wrong-doer is liable for all damages which are the proximate effect of his wrong, and not for those which are remote: 'that direct losses are necessarily proximate, and compensation, therefore, is always recoverable; that consequential losses are proximate when the natural and probable effect of the wrong.' " *Bowen v. King,* 146 N. C., 385, 390, citing *Johnson v. R. R.,* 140 N. C., 574; *Sharpe v. Powell,* 7 L. R. (1892), p. 253; 8 Am. & Eng. Enc., 598; Hale on Damages, 34, 35, *et seq.* It was held in *B. & O. R. R. Co. v. Slanker,* 180 Ill., 357, that an angry tumor which resulted from an injury and required an amputation of a serious nature was within the scope of a demand for damages very similar to the one made in this complaint, the court stating: "The mere fact that she did not enumerate all of the particulars of her general damages did not deprive her of the right to prove them," citing *Hutchinson v. Granger,* 13 Vt., 386; *L. S. & Mich. So. R. R. Co. v. Ward,* 135 Ill., 511; *City of Chicago v. McLean,* 133 *id.,* 148. All the injuries which the plaintiff suffered as a result of the collision are quite plainly charged to have been caused directly and immediately by the negligent and reckless act of the defendants in running by his vehicle and scaring his team. The description of the injuries was not as exact as it might have been made, but sufficiently definite. The pleader is not required by the rule to go into an account of minute details and to specify every muscle that ached and every nerve that throbbed, every contusion or fracture, and every racking pain. *Hanson v. Anderson,* 90 Wis., 195; 13 Cyc., 185. A case directly in point is *Ch. City R. R. Co. v. Cooney,*

46—174

196 Ill., 466. If a more definite statement of the injuries was desired, the defendant could have asked for a bill of particulars.

Second. The testimony of the doctors as to the wen, and their opinion that the injury could have caused it to inflame and become malignant, is not considered in the brief, and therefore is abandoned, but we do not think there is any merit in these assignments of error. The testimony of the experts was not like that in *J. M. Pace Mule Co. v. R. R.,* 160 N. C., 252. There the doctor testified to a fact, and did not give expression merely to his opinion as an expert.

Third. The court would have erred had it nonsuited the plaintiff. There was ample evidence to warrant the verdict, and the court was required to consider it most favorably for the plaintiff, upon such a motion, giving him the benefit of all just and reasonable inferences to be drawn therefrom. *Milhiser v. Leatherwood,* 140 N. C., 231.

Fourth. The testimony as to other horses being frightened by the defendant's automobile, under like circumstances, at the same time, or immediately afterwards, and on the same road, was some corroborative evidence of negligent, reckless, and unlawful driving. It is said in 17 Cyc., under title of "Similarity in essential conditions," at p. 283: "That a fact existed or event occurred at a particular time cannot be shown by evidence that another fact existed or event occurred at another time, unless the two facts or occurrences are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars. Such relevancy is found where similarity in all essential particulars is shown to exist. Evidence of other facts or occurrences is then admitted, provided the court deems this course a wise exercise of its administrative discretion. The probative fact or occurrence may be (1) found in actual life by observation, or (2) reproduced voluntarily in an experiment. A sufficient ground of admissibility is furnished where physical conditions are shown to have been identical on the two occasions. The observed uniformity of nature raises, under such circumstances, an inference that like causes will produce like results. It is, legally as well as logically, immaterial if dissimilarity in conditions is shown to exist in the presence of some particular which cannot reasonably be expected to have affected the result. Another fact or occurrence, the conditions of which are the same in all essential respects, will be deemed relevant, the burden being upon the party offering the evidence to satisfy the court that such similarity exists. In admitting evidence of such facts or occurrences the court makes no finding, except that sufficient has been shown to him as to the relevancy of the evidence to warrant its submission to the jury. Other occurrences have been deemed relevant where the essential conditions are similar, although the law of uniformity in action underlying the relevancy is not natural, but legal." But we

base the relevancy of this testimony upon the ground that the conditions and circumstances were substantially the same and the two occurrences were separated only by a very brief interval of time, the Wilson team being driven just ahead of the plaintiff's on the same road. We hold it to be competent, not because the frightening of Wilson's team is proof of the alleged fact that defendant also frightened the plaintiff's, but merely as a circumstance tending to show that defendant was driving recklessly and in a manner that would frighten animals. *Aurora v. Brown,* 12 Ill. App., 122.

Fifth. The instruction of the court as to defendants suddenly, unnecessarily and recklessly sounding the horn of the automobile as he passed the plaintiff's team on the road was unobjectionable. Defendants contend that they were required by the statute to signal Wilson, who was ahead, of their approach. But that question was fairly and fully submitted to the jury, whether they were doing it for the one purpose or the other—that is, to signal Wilson, or suddenly, unnecessarily and recklessly, and in a manner calculated to frighten plaintiff's team. The presiding judge presented this branch of the case in both aspects, giving the plaintiff's contention and the defendants' with equal fullness. The defendant stated that he sounded the gong for the purpose of signaling Wilson, and the judge told the jury that he was justified in so doing, and then gave plaintiff's contention and the instruction we have mentioned. The jury evidently found, under the instructions and the evidence, that the gong was sounded so as to frighten the teams, or suddenly, unnecessarily and recklessly.

The other exceptions are without any merit, or are merely formal.

No error.