RUDOLPH BINDER v. GENERAL MOTORS ACCEPTANCE CORPORATION AND JIM DAVIS AND A. G. HUDSON.

(Filed 8 January, 1943.)

**1. Trespass § 8—**

Where there is such a show of force as to create a reasonable apprehension in the mind of one in possession of property that he must yield to avoid a breach of the peace, and he does so yield, this is a yielding upon force and constitutes forcible trespass.

**2. Damages § 2—**

In a "pure tort" case, the wrongdoer is responsible for all damages directly caused by his misconduct, and for all indirect or consequential damages which are the natural and probable effect of the wrong.

**3. Damages §§ 2, 10—**

Special damages, which are unusual and not the common consequence of the wrong complained of or implied by law, must be pleaded specifically and in detail.

**4. Damages § 7—**

Punitive damages may be awarded if the wrongful act is accompanied by recklessness or other unlawful and wanton aggravation, or if a tort is willful, wanton or committed under circumstances of gross negligence.

**5. Damages § 8—**

The trial court did not err in submitting an issue as to punitive damages, in an action for the wrongful taking and conversion of an automobile, where there was evidence that defendants' agents demanded the car of plaintiff in a high-handed and summary manner, on a prominent city street, alleging default in payments which was untrue, and seizing the car without legal process, to the humiliation of plaintiff.

**6. Damages §§ 10, 12, 13—**

In an action to recover damages for the wrongful taking and conversion of plaintiff's automobile by defendants, where there was allegation and evidence of special damages for the loss of the use of the automobile, a charge by the trial court, that plaintiff might be awarded damages for the loss of the use of the automobile wrongfully seized, in addition to its value, was proper.

APPEAL by plaintiff from *Olive, Special Judge,* at September Term, 1942, of GUILFORD.

This was an action instituted and tried in the municipal court of the city of High Point to recover damages for the wrongful taking and conversion of an automobile of the plaintiff by the defendants.

In the municipal court, upon issues submitted, the jury found that the defendants wrongfully seized and converted to their own use the plaintiff's automobile, that the plaintiff was entitled to recover actual damages, and also punitive damages. From judgment of the trial court predicated on the verdict the defendants appealed to the Superior Court of Guilford County.

The Superior Court entered judgment reversing in part the judgment of the trial court and awarding a new trial. From the judgment of the Superior Court the plaintiff appealed to the Supreme Court, assigning errors.

*C. A. York and Rupert T. Pickens for plaintiff, appellant.*
*Gold, McAnally & Gold for defendants, appellees.*

SCHENCK, J. The judgment of the Superior Court contains the following: ". . . the Court after hearing the cause is of the opinion that error in the trial of the cause exists in two respects: first, that error was committed on the facts in this case, in that the Court instructed the jury with regard to the measure of damages, that it might award damages for loss of use of the automobile; and, second, in submitting the following

issue to the jury: 'What amount of punitive damages, if any, is plaintiff entitled to recover of the defendants?' there being in this Court's opinion no evidence of punitive damages; nor issue found on which to award punitive damages."

This appeal poses but two questions: First, did the court err in holding that the trial court committed error in charging the jury "that it might award damages for the loss of the use of the automobile"? and, second, did the court err in holding that the trial court committed error in submitting the issue as to punitive damages?

As to the first question: It was held by the Superior Court that the judge of the trial court erred in charging the jury that it might award damages, in addition to the value of the automobile wrongfully seized, for the loss of the use of the automobile. In view of the fact that the complaint alleged as special damages the loss of the use of his automobile in going to his several beauty shops in different towns for the purpose of supervision, and that there was evidence to sustain such allegation, the charge of the trial court was in accord with the law as enunciated, and the holding of the Superior Court that the trial court erred was error.

"Only the damages which are the necessary result of the acts complained of can be recovered under a plea of general damages. Hence, it is generally held that special damages, which are the natural but not necessary result of the wrongful acts or injury, must be particularly averred in the complaint to warrant proof of or recovery therefor, . . ." 25 C. J. S., 753. "'If the damages sought to be recovered are those known as special damages—that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary, in order to prevent surprise to the defendant, that the declaration state specifically and in detail the damages sought to be recovered.' But the rule in pleading is not so stringent as to require a special averment of every immediate cause of the injury suffered. The primary and efficient cause of all the injury, however directly produced, and all the consequences resulting therefrom, are within the compass of the demand for compensatory damages. *Davis v. Wall,* 142 N. C., 450, 452, citing *Hammond v. Schiff,* 100 N. C., 161. 'It is well established, in a "pure tort," the case presented here, the wrong-doer is responsible for all damages directly caused by his misconduct, and for all indirect or consequential damages which are the natural and probable effect of the wrong, under the facts as they exist at the time the same is committed and which can be ascertained with a reasonable degree of certainty. A wrong-doer is liable for all damages which are the proximate effect of his wrong, and not for those which are remote: "that direct losses are necessarily proximate, and compensation, therefore, is always recoverable; that consequential losses are proximate

when the natural and probable effect of the wrong." ' "  *Conrad v. Shuford,* 174 N. C., 719, 94 S. E., 424, and cases there cited.

So it would therefore appear that whether the loss of the use of the automobile was a common consequence of its wrongful taking—a necessary result of the acts complained of, that is a general damage, or whether a special damage, the charge was correct, since such damage is specifically pleaded and is sustained by the evidence. It follows, therefore, that the holding of the Superior Court that the judge of the trial court erred in instructing the jury that it should consider the loss of the use of the automobile by the plaintiff was error.

As to the second question: It was held by the Superior Court that the judge of the trial court erred in submitting to the jury the issue as to punitive damages. We are of the opinion that there was likewise error in this holding of the Superior Court.

There was evidence tending to show that the plaintiff was accosted on a prominent street in the city of High Point by one of the defendants, an agent of the corporate defendant and acting in the course of his agency, and was told that the agent had come to get the automobile or the money due on a title retained contract thereon, and that when plaintiff informed said agent that he was not in arrears in his payments on his contract, and asked the agent to investigate before taking the automobile, the agent replied that he had investigated, that he knew the plaintiff was in arrearage and that he was going to take the car or have the money; that the plaintiff was not in arrearage and that the defendants subsequently admitted that they were mistaken due to the action of an inexperienced bookkeeper; that the plaintiff was humiliated in a public place and in the presence of his employees.

The defendants did not bring claim and delivery proceedings for the automobile, but elected to seize it, and were therefore liable for any damages which were proximately caused by their wrongful summary action.

The manner in which the automobile was taken from the plaintiff by the agent of the defendant corporation amounted to more than a mere wrongful conversion; it was a trespass. The plaintiff was forced either to surrender the automobile, pay again an installment already paid, or, at least, assume the risk or accept the hazard of bringing about a breach of the peace. "Where there is such a show of force as to create a reasonable apprehension in the mind of the one in possession of premises that he must yield to avoid a breach of the peace, and he does so yield, this is a yielding upon force, and constitutes forceable trespass." *Freeman v. Acceptance Corporation,* 205 N. C., 257, 171 S. E., 63, and cases there cited.

The testimony of the agent was that "I went there and it was my duty to get the automobile or the money. To the best of my ability I was either going to have the automobile, or the money," and those near-by testified they heard one of the two agents present say, "Let's take the damn thing, anyhow." Certainly this was sufficient to put the plaintiff on notice that any physical resistance he might make to the taking of the automobile would likely bring about a breach of the peace.

Punitive damages may be allowed if the wrongful act was accompanied by recklessness or other unlawful and wanton aggravation on the part of the defendants. *Worthy v. Knight,* 210 N. C., 498, 187 S. E., 771. "Primarily, then, the court is concerned with only two questions: (1) Whether there is any evidence to be submitted to the jury; and (2) whether the award is excessive. The balance is for the twelve. *Tripp v. Tobacco Co.,* 193 N. C., 614, 137 S. E., 871." *Worthy v. Knight, supra.* Punitive damages may be awarded where a wrongful act is done with negligence evincing a willful disregard of the rights of another, *Arthur v. Henry,* 157 N. C., 393, 73 S. E., 206; or if a tort is willful and committed under such circumstances as to show gross negligence, *Horton v. Coach Co.,* 216 N. C., 567, 5 S. E. (2d), 828; and cases there cited, or from a corporation for a tort wantonly committed by its agents in the course of their employment. *Tripp v. Tobacco Co., supra.*

For the reasons stated, the judgment appealed from must be reversed; and the case remanded to the Superior Court of Guilford County that a judgment affirming the judgment of the municipal court of the city of High Point may there be entered, and it is so ordered.

Reversed and remanded.