### D. R. OBERHOLTZER v. GEORGE W. HUFFMAN.

(Filed 31 October, 1951.)

**1. Damages § 10—**

Special damages, which are the natural but not the necessary result of the wrongful act of defendant, must be pleaded with sufficient particularity to put defendant on notice.

**2. Malicious Prosecution § 7—**

In an action for malicious prosecution, plaintiff's allegations to the effect that he was imprisoned without privilege of bail for one evening and that the account of his arrest and the nature of the charges made against him were published in a newspaper having a wide circulation in the section and particularly in plaintiff's county, are proper allegations of special damage and are improperly stricken on defendant's motion.

APPEAL by plaintiff from *Rudisill, J.,* in Chambers, 24 March, 1951, CATAWBA. Reversed.

Civil action to recover damages for malicious prosecution, heard on motion to strike certain allegations in the complaint.

Plaintiff alleges facts sufficient to constitute a cause of action for malicious prosecution under a warrant charging the felony of embezzlement. He further alleges by way of damages that (1) he was imprisoned without the privilege of bail from the evening of 23 January to the morning of 24 January, 1951, and (2) an account of his arrest and the nature of the charges made against him was published in the Hickory Daily Record, a newspaper having a wide circulation throughout the Piedmont section of North Carolina and particularly in Catawba County where he resides.

The court below, on motion of defendant, ordered the latter allegations stricken from the complaint. Plaintiff excepted and appealed.

*Theodore F. Cummings for plaintiff appellant.*
*George D. Hovey and G. A. Warlick for defendant appellee.*

BARNHILL, J. Special damages, that is, damages which are the natural but not necessary result of the alleged wrongful act of the defendant, must be pleaded with sufficient particularity to put the defendant on notice. *Conrad v. Shuford,* 174 N.C. 719, 94 S.E. 424; *Binder v. Acceptance Corp.,* 222 N.C. 512, 23 S.E. 2d 894. This the plaintiff has done. The allegations stricken are a proper and necessary part of his complaint. Hence the order striking same must be

Reversed.