DAVIDSON AND JONES, INC., PLAINTIFF AND THIRD-PARTY PLAINTIFF v. COUNTY OF NEW HANOVER DEFENDANT AND FRANK I. BALLARD, HERBERT P. McKIM AND ROBERT W. SAWYER, T/D/B/A BALLARD, McKIM & SAWYER; WAFF BROTHERS, INC.; RAYMOND INTERNATIONAL; AND SOIL & MATERIAL ENGINEERS, INC., THIRD-PARTY DEFENDANTS AND ROBERT E. LASATER AND ROBERT P. HOPKINS, T/D/B/A LASATER-HOPKINS, ADDITIONAL THIRD-PARTY DEFENDANTS

No. 785SC685

(Filed 19 June 1979)

1. **Architects § 3; Negligence § 2— liability of architects for negligence to general contractor and subcontractor**

   An architect may be sued by a general contractor and the subcontractors working on a construction project for economic loss foreseeably resulting from breach of the architect's common law duty of due care in the performance of his contract with the owner even though there is no privity of contract.

2. **Professions and Occupations § 1; Negligence § 2— negligence in soil condition report—liability of engineers to contractors**

   A general contractor and subcontractors who submitted bids and conducted work on a construction project in reliance on a soil investigative report could sue the engineers who prepared the soil report for damages caused by negligence in the preparation of the report; furthermore, the engineers were not immune from liability for negligence in preparing the report because of an agreement between the owner and plaintiff general contractor that plaintiff

would rely on its own judgment in submitting its bid and was to conduct a site inspection in order to have a complete understanding of all existing conditions relating to the work.

APPEAL by plaintiff Davidson and Jones, Inc. and third-party defendants Waff Brothers, Inc., Raymond International, and Soil and Material Engineers, Inc. from *Brown, Judge*. Judgment entered 20 March 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 5 April 1979.

Plaintiff general contractor entered into a contract with New Hanover County to construct Phase I of a Law Enforcement Center in Wilmington. Ballard, McKim and Sawyer contracted with New Hanover County to serve as architects for the project.

Plaintiff submitted its bid on the construction project based partially on a soil and subsurface investigative report furnished it by the architects in the bidder's instruction package. The report had been prepared by Soil and Material Engineers for New Hanover County. New Hanover County's instructions to bidders specifically provided:

"Examination of Site and Documents: Before submitting a proposal, the bidder shall.

(a) Carefully examine the drawings and specifications.

(b) Visit the site of the work and fully inform himself of existing conditions and limitations.

(c) Rely entirely upon his own judgment in preparing his proposal, and include in his bid a sum sufficient to cover all items required by the contract."

Plaintiff engaged Waff Brothers, Inc. to demolish all site structures, to haul away debris, to excavate the site, and to unload, drive, extract, clean, trim, and repair tieback holes, and reload sheet piling. Plaintiff engaged Raymond International to install 207 foundation pilings and engaged Soil and Material Engineers to monitor vibrations created by demolition and installation of sheet pilings, as well as to design and install a tieback system of the sheet piling.

The architects engaged Lasater-Hopkins to serve as structural engineers for the construction, to design the structural

foundation, to review, approve, or disapprove all structural specifications for the foundation, to review the excavation work on the foundation, and to approve or disapprove the design of all shoring and bracing systems surrounding the excavation of the Law Enforcement Center.

During the construction phase of the project, damage occurred to the Public Library Building of Wilmington, which was located on an adjacent site. Plaintiff denied liability for the damage. New Hanover County declared plaintiff to be in default on its contract and requested plaintiff's surety to make the necessary repairs.

Plaintiff filed action against New Hanover County for $140,029.94 allegedly due under the construction contract, $129,058.84 for additional expenses incurred at New Hanover County's request for work performed on the Wilmington Public Library, and $495.00 for additional pilings installed at the construction site.

Defendant New Hanover County filed answer, denied that it was indebted to plaintiff, and alleged plaintiff's breach of contract by failing to remedy and repair damages to the Wilmington Public Library, by improperly constructing an elevator shaft called for in construction plans and specifications and by failing to use proper means, methods, techniques, sequences, and procedures in construction despite proper demand to do so. Defendant filed counterclaim incorporating the terms of its contract with plaintiff and alleged plaintiff negligently failed: to familiarize itself with local site conditions; to supervise and direct the means, methods, techniques, sequences, and procedures of the work; to properly coordinate the work; to properly design or cause to be properly designed the excavation bracing system; and to tension or cause to be tensioned the sheet piling tieback system. Defendant also alleged plaintiff improperly installed or caused to be improperly installed the well point system, employed improper methods and techniques for driving the sheet piling, and improperly installed or caused to be installed the sheet piling by use of trench system—causing the surface level of the soil to move laterally. The county sought recovery of $117,397.51 for repairs made to the library, $2,880.00 for repairs to the Law Enforcement Center elevator shaft and two main pilings, and $3,000.00 for

removal expenses of certain library facilities and personnel to a temporary location.

Plaintiff, in its reply to the counterclaim, denied negligence and filed third-party complaint against the architects and plaintiff's subcontractors. Plaintiff alleged that the architects were negligent in that: they failed to make or have made reasonable and proper examinations and inspections of the soil conditions in and surrounding the building site; they failed to make or have made reasonable and proper examinations and inspections of the foundations of adjoining structures; they failed to provide reasonable and proper information, drawings, and specifications with respect to soil conditions, foundations of the construction area and surrounding adjacent structures; they represented that there were no unusual or peculiar conditions with respect to soil or surrounding structures; they provided incomplete and misleading information as to soil conditions; and they approved the design and method for driving of pilings. Plaintiff alleged that the subcontractors, Waff Brothers, Inc., Raymond International, and Soil and Material Engineers, were negligent in the performance of their respective subcontracts; that if it were found negligent, it was entitled to indemnity from them; and that Soil and Material Engineers was negligent in its initial investigation of soil conditions.

Waff Brothers, Inc., Raymond International, and Soil and Material Engineers, Inc. answered the third-party complaint, denied negligence, and cross claimed against the other third-party defendants. Each incorporated plaintiff's allegations as to the architects' negligence as part of their cross complaint against the architects.

The architects filed a motion to dismiss on the grounds that they had no duty or obligation, contractual or otherwise, to plaintiff in regard to plaintiff's allegations and that under the terms of plaintiff's contract with New Hanover County, plaintiff was responsible: for examinations or inspections of the foundations of adjoining structures, information, drawings, or specifications with respect to soil conditions; for designing or specifying the method of driving of pilings; for familiarizing itself with surrounding conditions; for all construction means, methods, techniques, sequences, and procedures; and for coordinating all portions of the

work. The architects also contended that their approval of the drawings of the plaintiff's subcontractor did not relieve plaintiff of its responsibility to properly design and install the shoring and bracing system for the excavation. The architects filed third-party complaint against Lasater-Hopkins seeking indemnity for negligent breach of its subcontract. Subsequently, they cross claimed against the other third-party defendants.

Waff Brothers, Inc. submitted the affidavit of John Waff at the hearing on the architects' motion to dismiss. The affidavit alleged:

> "4. Defendant Waff Brothers, Inc. had a vibratory hammer delivered on the job site on July 29, 1975 and began driving sheet piling with it on July 30, 1975.
>
> 5. Defendant Waff Brothers, Inc. procured and used said vibratory hammer at the request of and under instructions from Third-Party defendant Ballard, McKim & Sawyer, acting through Herbert P. McKim, who informed affiant that it was necessary for Waff Brothers, Inc. to change from a diesel to a vibratory hammer in order to speed up the work."

After considering the affidavits submitted and the answers to interrogatories, the trial court entered summary judgment for the architects and dismissed the third-party complaints against them for failure to state a claim upon which relief can be granted.

Plaintiff and third-party defendants Waff Brothers, Inc., Soil and Material Engineers, Inc., and Raymond International appealed.

*Manning, Fulton & Skinner, by Charles L. Fulton; Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for plaintiff.*

*Granville A. Ryals and Maupin, Taylor & Ellis, by W. W. Taylor, Jr., for Waff Brothers, Inc., third-party defendant appellant.*

*Crossley & Johnson, by John F. Crossley, for Raymond International, third-party defendant appellant.*

*Reynolds & Howard, by E. Cader Howard, for Soil & Material Engineers, Inc., third-party defendant appellant.*

*Hogue, Hill, Jones, Nash & Lynch, by David A. Nash, for Ballard, McKim & Sawyer, third-party defendant appellee.*

*Young, Moore, Henderson & Alvis, by J. C. Moore, for Lasater-Hopkins, additional third-party defendant appellee.*

*Trotter, Bondurant, Griffin, Miller & Hishon, by Luther P. Cochrane and John F. Elger; Miller, Johnston, Taylor & Allison, by John B. Taylor, for Associated General Contractors of America, Carolinas Branch, amicus curiae.*

*Wade M. Smith and Steven L. Evans, for North Carolina Chapter of the American Institute of Architects, amicus curiae.*

ERWIN, Judge.

## Architects' Liability

[1]   The question before us is whether in the absence of privity of contract an architect may be held liable to a general contractor and his subcontractors for economic loss resulting from breach of a common law duty of care. We answer, "Yes."

The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm and calls a violation of that duty negligence. *Council v. Dickerson's, Inc.*, 233 N.C. 472, 64 S.E. 2d 551 (1951); *Stroud v. Transportation Co.*, 215 N.C. 726, 3 S.E. 2d 297 (1939). The duty to protect others from harm arises whenever one person is by circumstances placed in such a position towards another that anyone of ordinary sense who thinks will at once recognize that if he does not use ordinary care and skill in his own conduct with regard to those circumstances, he will cause danger of injury to the person or property of the other. *Insurance Co. v. Sprinkler Co.*, 266 N.C. 134, 146 S.E. 2d 53 (1966); *Honeycutt v. Bryan*, 240 N.C. 238, 81 S.E. 2d 653 (1954). The duty to exercise due care may arise out of contractual relations. However, a complete binding contract between the parties is not a prerequisite to a duty to use due care in one's actions in connection with an economic relationship, nor is it a prerequisite to suit by a contractor against an architect. *See Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416 (E.D. Wash. 1976); *see also* 57 Am. Jur. 2d, Negligence, § 49, p. 398.

An architect, in the performance of his contract with his employer, is required to exercise the ability, skill, and care customarily used by architects upon such projects. 5 Am. Jur. 2d, Architects, § 8, pp. 669-70. Where breach of such contract results in foreseeable injury, economic or otherwise, to persons so situated by their economic relations, and community of interests as to impose a duty of due care, we know of no reason why an architect cannot be held liable for such injury. Liability arises from the negligent breach of a common law duty of care flowing from the parties' working relationship. Accordingly, we hold that an architect in the absence of privity of contract may be sued by a general contractor or the subcontractors working on a construction project for economic loss foreseeably resulting from breach of an architect's common law duty of due care in the performance of his contract with the owner. It is true that neither the general contractor nor the subcontractors could maintain a cause of action against the architects grounded on negligent performance of the architects' contract with New Hanover County. *See Durham v. Engineering Co.*, 255 N.C. 98, 120 S.E. 2d 564 (1961), and *Drilling Co. v. Nello L. Teer Co.*, 38 N.C. App. 472, 248 S.E. 2d 444 (1978).

We note that plaintiff and third-party defendants seek to impose contractual duties upon the architects not expressly assumed by them in their contract. This, we refuse to do.

Our decision today does not conflict with our Supreme Court's holding in *Durham v. Engineering Co., supra*. In *Durham, supra*, our Supreme Court quoted *Williamson v. Miller*, 231 N.C. 722, 726, 58 S.E. 2d 743, 746 (1950), as follows:

" '[S]ince the contract is made a part of the complaint, and is alleged as the sole basis of recovery, the Court will look to its particular provisions rather than the more broadly stated allegations in the complaint, or the conclusions of the pleader as to its character and meaning. Upon proper construction of these writings depends the propriety of the judgment overruling the demurrer.' " (Citation omitted.)

*Id.* at 101, 120 S.E. 2d at 566. Thus, in reaching its decision, the Court did not consider the question before us, nor do we believe that this Court's decision in *Drilling Co. v. Nello L. Teer Co., supra*, precludes us from reaching our decision.

In *Drilling Co., supra,* we were reluctant to impose liability on a consulting engineer who required work exceeding plan specifications. We indicated that an architect's negligent failure to perform his contractual duty with the owner could result in a defective foundation and possible extensive liability. Such countervailing considerations are of less magnitude where an architect's negligence in performing his contract contributes to a defective building and damage to adjacent property by means of a concurrent breach of a common law duty of care arising out of the circumstances surrounding the parties. Whether or not the architects breached their duty of due care causing pecuniary loss to plaintiff and third-party defendants presents a genuine issue of a material fact. Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970). Since a genuine issue of a material fact exists as to whether the architects breached their common law duty of due care in the performance of their contract, summary judgment in their favor is reversed.

## Soil and Materials Engineers', Inc. Liability

[2] Plaintiff and third-party defendants allege that Soil and Material Engineers, Inc. negligently misrepresented the subsurface soil conditions and that their reliance on the soil investigative report prepared by Soil and Material Engineers, Inc. was the proximate cause of their injury.

A surveyor or civil engineer is required to exercise that degree of care which a surveyor or civil engineer of ordinary skill and prudence would exercise under similar circumstances, and if he fails in this respect and his negligence causes injury, he will be liable for that injury. *R. H. Bowman Associates, Inc. v. Danskin,* 72 Misc. 2d 244, 338 N.Y.S. 2d 224 (1972), *aff'd mem.,* 43 A.D. 2d 621, 349 N.Y.S. 2d 655 (1973). Such liability is based on negligence, and lack of privity of contract does not render Soil and Material Engineers, Inc. immune from liability to the general contractor or the subcontractors for damages proximately resulting from submitting a bid or conducting work in reliance on negligently prepared soil test reports. *M. Miller Co. v. Central Contra Costa*

*Sanitary Dist.*, 198 Cal. App. 2d 305, 18 Cal. Rptr. 13 (1961); *see also* Restatement of Torts, § 552 (1938).

Restatement of Torts, § 552 provides:

"§ 552. INFORMATION NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS.

One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if

(a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

(b) the harm is suffered

(i) by the person or one of the class of persons for whose guidance the information was supplied, and

(ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

We believe that the Restatement of Torts, § 552 is in accord with the law of North Carolina. We know of no cases disavowing the recognition of a cause of action in *negligence* based on a negligent misrepresentation. In performing its contractual duties, Soil and Material Engineering, Inc. was under a common law duty to use due care. To the extent that plaintiff and third-party defendants have alleged a breach of that duty of due care and that the breach was a proximate cause of their injury, they have stated a cause of action. *See generally* Prosser, Misrepresentation and Third Persons, 19 Vanderbilt L. Rev. 231, 246-48 (1966). The agreement between New Hanover County and plaintiff, that it was to rely entirely on its own judgment in submitting its bid and was to conduct a site inspection to have a complete understanding of all existing conditions relating to the work, did not render Soil and Material Engineers immune from liability for any negligence in preparing the soil condition report. *See M. Miller Co. v. Central Contra Costa Sanitary Dist., supra,* and *Craig v. Everett M. Brooks Co.*, 351 Mass. 497, 222 N.E. 2d 752 (1967).

We only hold, at this point in the proceedings, that a cause of action has been sufficiently alleged. *See McCloskey & Company, Inc. v. Wright,* 363 F. Supp. 223 (E.D. Va. 1973).

The judgment entered below is

Reversed.

Judges VAUGHN and MARTIN (Harry C.) concur.