T. C. STANFORD AND WIFE, PHYLLIS A. STANFORD, AND SILAS CREEK STA-
TION, INC. v. EDWARD P. OWENS AND WIFE, NANCY P. OWENS, J. R.
YARBROUGH, SUZANNA R. GWYN, COLEMAN ENGINEERING
LABORATORIES, INC., AND ALLEN G. MILLS

No. 7921SC915

(Filed 6 May 1980)

1. **Uniform Commercial Code § 11— express warranty—inapplicability to sale of
   real property**

   The warranty provisions of the Uniform Commercial Code were inap-
   plicable to the present action which involved the sale of real property, not
   goods.

2. **Vendor and Purchaser § 6— condition of land—representations by seller—no
   express warranty**

   Defendants' alleged representations that a piece of property which they
   proposed to sell to plaintiffs was suitable for a restaurant building, that a por-
   tion of the lot had been filled, but that the fill was of proper composition and
   compaction to support a restaurant building amounted to nothing more than
   the expression of an opinion on the part of defendants and did not rise to the
   level of affirmations of facts or promises required for the creation of an ex-
   press warranty.

3. **Vendor and Purchaser § 6— land unsuitable for construction—inapplicability of
   implied warranty**

   Plaintiffs, who claimed that a tract of land sold to them by defendants and
   said by defendants to be suitable for construction of a restaurant, could not
   recover on a claim for breach of an implied warranty, since that right of action
   exists only in the sale of a new residential dwelling to a consumer-vendee.

4. **Fraud § 9— filled land—suitability for construction—insufficient allegation of
   fraud**

   Where plaintiffs alleged that defendants sold them a tract of land which
   was not suitable for the construction of a restaurant because of the composi-
   tion and compaction of fill on the land, plaintiffs' complaint was insufficient to
   state a claim for fraud in that it lacked the requisite allegation that defendants
   made the false representation concerning the fill knowing it to be false or with
   reckless indifference as to its truth.

5. **Negligence § 2— condition of land—negligent misrepresentation in sale—suffi-
   ciency of complaint**

   Plaintiffs' complaint was sufficient to state a valid claim based upon
   negligent misrepresentation where plaintiffs alleged that defendants, by their
   acts of filling their land, knew or should have known of the land's inability to
   support a building of the type plaintiffs would place upon it, and plaintiffs
   alleged that they suffered damages from cracking and stated the amount of
   the damages.

**6. Negligence § 1.1— filling of lot—no legal duty owed by defendants to plaintiffs —no negligence**

Plaintiffs' complaint was insufficient to state a claim based on defendants' negligence in filling their land prior to sale to plaintiffs, since defendants filled the lot as part of a partnership agreement to develop and sell the land and then had the land zoned for commercial use, and these acts were both taken prior to the eventual sale to plaintiffs so that no legal duty was owed to plaintiffs at the time of the alleged negligent acts.

**7. Parties § 2; Rules of Civil Procedure § 8.1— different names used in complaint—no variance**

Where the plaintiff in one claim was denominated as The Station of Silas Creek, Inc., a North Carolina Corporation with its principal place of business in Winston-Salem, Forsyth County, but the caption of the complaint included as a party plaintiff a corporation named Silas Creek Station, Inc., the doctrine of *idem sonans* applied to resolve any question of variance between the two corporate names.

**8. Damages § 12— loss of profits—special damages—sufficiency of complaint**

In an action to recover damages sustained by plaintiffs in their operation of a restaurant on land which defendants had sold to plaintiffs and which defendants allegedly knew had been filled so that it would not support a restaurant building, plaintiffs' allegations that cracks in the floors and walls were shown on local TV news, that sales volume substantially decreased after the news program, that sales volume had been steadily increasing prior to the TV coverage, and that plaintiffs had been damaged in the sum of $60,000 were sufficiently detailed fairly to inform defendants of plaintiffs' demand for special damages.

**9. Professions and Occupations § 1; Negligence § 2— negligence in soil condition report—sufficiency of complaint**

Plaintiffs' complaint was sufficient to state a claim for relief against defendant engineering company for negligence in the preparation of a subsurface examination of a tract of land upon which plaintiffs relied in building a restaurant, though there was no privity of contract between plaintiff and the corporate defendant, since the examination was obtained by the individual defendants, sellers of the property to plaintiffs.

APPEAL by plaintiffs from *Washington, Judge.* Orders entered 24 and 27 April 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 25 March 1980.

By a deed dated 30 April 1975, plaintiffs T. C. Stanford and Phyllis A. Stanford acquired certain real property located in Forsyth County. They planned to build a restaurant on the property. The land, a portion of which had been used by Winston-Salem as a sanitary landfill, was purchased by plaintiffs from Edward P. Owens, his wife, Nancy P. Owens, J. R. Yarbrough and Suzanna

R. Gwyn, individual defendants in this case. Prior to negotiations between plaintiffs and defendants for the sale of the property, defendants had filled, with dirt and other materials, a portion of the tract which was below the grade of abutting streets to raise it to an acceptable grade. The land was then zoned for commercial use. When plaintiffs viewed the property they were told that part of it had been filled.

During the period after the purchase but before plaintiffs began to build, they were furnished with a report prepared by Coleman Engineering Laboratories, Inc., the corporate defendant in the case, which had conducted a subsurface examination of the tract. After receiving the report, plaintiffs commenced construction of their restaurant. In the fall of 1976 the structure developed cracks in the floors and walls.

Plaintiffs Stanford and a corporation, Silas Creek Station, Inc., brought this action to recover damages to their building caused by the instability of the supporting ground and expenditures necessitated by efforts to halt further sinking. Their complaint consisted of nine claims of relief. In addition to the individual defendants already mentioned and Coleman, the corporate defendant, the architect with whom plaintiffs had contracted was also named as a defendant. All defendants except the architect filed Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. After hearing on the motions, Judge Washington allowed them and denied plaintiffs' oral motion to amend. Plaintiffs appealed.

*White and Crumpler, by Harrell Powell, Jr., G. Edgar Parker and Edward L. Powell, for plaintiff appellants.*

*Hatfield and Allman, by Weston P. Hatfield, Michael D. West, and C. Edwin Allman III, for defendant appellees Edward P. Owens, Nancy P. Owens, J. R. Yarbrough and Suzanna R. Gwyn.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by Richard Tyndall, for defendant appellee Coleman Engineering Laboratories, Inc.*

MARTIN (Harry C.), Judge.

We are asked on this appeal to determine whether the trial court correctly decided the Rule 12(b)(6) motions in defendants'

favor and correctly denied plaintiffs' motion to amend. The court dismissed seven of the claims of plaintiffs' complaint for failure to state a claim upon which relief can be granted. For the following reasons we conclude that the court was without error in dismissing the first, third and seventh claims and in denying plaintiffs' motion to amend. We think, however, the court erred in dismissing the second, fourth, fifth and sixth claims.

A complaint may be dismissed on a Rule 12(b)(6) motion if it is clearly without merit. This lack of merit may consist of either an absence of law to support a claim of the type asserted, an absence of facts to make a good claim, or the disclosure of a fact which will necessarily defeat the claim. *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690, *cert. denied*, 277 N.C. 251 (1970). The allegations of the complaint are to be taken as true on the motion to dismiss. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). With these familiar principles in mind, we review the seven claims of relief seriatim.

## First Claim Of Relief

Plaintiffs Stanford bring this claim against the individual defendants from whom they purchased the property. Pertinent allegations of the claim follow:

V. . . . During the winter of 1975 defendants Yarborough and Gwyn informed plaintiffs Stanford that they had a tract on Silas Creek Parkway that was suitable for a restaurant building of the type located on the first tract purchased from defendants, Yarborough and Gwyn. Defendants, Yarborough and Gwyn then showed the plaintiffs the tract described in Exhibit B, that tract being located with the boundaries of Exhibit A. The defendants, Yarborough, Gwyn and Owens represented that a portion of the lot described in Exhibit B had been filled, but the fill was of proper composition and compaction to support a restaurant building and that they would furnish proof of these facts. They further represented the fill was far enough back on the lot that none of the restaurant should be located on the filled portion.

VI. At all times prior to the purchase, defendants, Yarborough, Gwyn and Owens knew that plaintiffs, Stanford were purchasing this tract for purposes of constructing a

restaurant of the type constructed on the site previously purchased from defendants Yarborough and Gwyn. Defendants Yarborough, Gwyn and Owens made numerous representations that the land was fit for plaintiffs, Stanford's intended use and purpose. In reliance on these warranties and representations, plaintiffs Stanford purchased that tract described in Exhibit B from defendants by deed from defendants, Owens.

VII. That shortly after purchasing the tract described in Exhibit B, but before construction commenced, defendants, Yarborough, Gwyn and Owens furnished to plaintiffs Stanford as further evidence that the soil would be adequate support for the proposed building, a report from Coleman Engineering Laboratories, Inc. (Exhibit C). Said report disclosed that the soil located on the tract was of sufficient soil bearing qualities to support a building of the type that plaintiffs Stanford proposed to construct. That at the time of the furnishing of the said report, the defendants, Yarborough, Gwyn and Owens knew that the plaintiffs were going to construct a restaurant upon the said premises and knew that the plaintiffs would act in reliance upon the said report in constructing a restaurant upon the said premises and in fact, the plaintiffs did act in reliance upon the furnishing of the said report and did commence the construction of the restaurant as hereinabove set out.

[1]  Plaintiffs argue in their brief that this portion of their complaint states a valid claim for breach of express warranty. They recognize that the warranty provisions of the Uniform Commercial Code do not apply because the sale involved real property, not goods. They seek, however, to utilize the provisions of N.C.G.S. 25-1-103, that, as they state, "supplemental principles of law are not displaced by the enactment of the Code," and maintain that application of general warranty principles is authorized by this statute. The cases they cite, however, involve sales of goods.

[2]  Plaintiffs contend that they "clearly allege the making of an express warranty," pointing to the following excerpts from the complaint:

Defendants . . . informed plaintiffs Stanford that they had a tract on Silas Creek Parkway that was suitable for a restaurant building of the type located on the first tract purchased from defendants.

Defendants . . . represented that a portion of the lot . . . had been filled, but the fill was of proper composition and compaction to support a restaurant building.

Defendants represented the fill was far enough back on the lot that none of the restaurant should be located on the filled portion.

Defendants . . . made numerous representations that the land was fit for plaintiffs' Stanford intended use and purpose.

We, however, have concluded that these alleged representations amount to nothing more than the expression of an opinion on the part of defendants. They do not rise to the level of "affirmation of fact or promise" required for the creation of an express warranty.

> Assertions concerning the value of property which is the subject of a contract of sale, or in regard to its qualities and characteristics, are the usual and ordinary means adopted by sellers to obtain a high price, and are always understood as affording to buyers no ground for omitting to make inquiries for the purpose of ascertaining the real condition of the property. Affirmations concerning the value of land or its adaptation to a particular mode of culture or the capacity of the soil to produce crops or support cattle are, after all, only expressions of opinion or estimates founded on judgment, about which honest men might well differ materially.

*Williamson v. Holt*, 147 N.C. 515, 522, 61 S.E. 384, 387 (1908).

[3] We also take note that neither could a claim for breach of an implied warranty succeed under this fact situation, because to date this right of action exists only in the sale of a new residential dwelling to a consumer-vendee. *See Hartley v. Ballou*, 286 N.C. 51, 209 S.E. 2d 776 (1974).

[4] Defendants, according to their brief, initially believed this first claim was premised on fraud. Even though plaintiffs do not presently argue fraud, if the complaint sufficiently alleges fraud it should not be dismissed. The necessary elements of fraud are well

recognized. "To constitute fraud, there must be false representation, known to be false, or made with reckless indifference as to its truth, and it must be made with intent to deceive." *Myrtle Apartments v. Casualty Co.*, 258 N.C. 49, 52, 127 S.E. 2d 759, 761 (1962). The test for sufficiency of pleading fraud is the following: "A pleading setting up fraud must allege the facts relied upon to constitute fraud, and that the alleged false representation was made with intent to deceive plaintiff, or must allege facts from which such intent can be legitimately inferred." *Calloway v. Wyatt*, 246 N.C. 129, 133, 97 S.E. 2d 881, 884 (1957). We think plaintiffs' complaint does not meet this standard. It lacks the requisite allegation or inference that defendants made the false representation knowing it to be false or with reckless indifference as to its truth. To the contrary, plaintiffs alleged that defendants represented they would furnish proof of the fact that the "fill was of proper composition and compaction to support a restaurant building."

The trial court's decision to dismiss the first claim is affirmed.

### SECOND CLAIM OF RELIEF

[5]  Plaintiffs Stanford bring this claim against the same individual defendants; they argue that a valid claim is stated based upon negligent misrepresentation. The pertinent allegations are as follows:

   X. That defendants Yarborough, Gwyn and Owens by their acts of filling the land knew or should have known of its ability to support a building of the type plaintiffs Stanford would place upon it. That because of this knowledge and their knowledge of the type of building the plaintiffs Stanford would construct, defendants Yarborough, Gwyn and Owens are guilty of negligently misrepresenting to plaintiffs Stanford that the land was fit for the purpose intended. That as a consequence of this negligent misrepresentation plaintiffs Stanford have suffered the following damages:

   (a) The sum of $53,775.00, representing funds already expended to halt the cracking.

   (b) The sum of $340,000.00 representing the difference in the fair market value of the plaintiffs' land and building as it

had been represented and warranted by the defendants, Owens, Yarborough and Gwyn, and its present fair market value.

We hold the trial court erred in dismissing this claim. North Carolina now expressly recognizes a cause of action in negligence based on negligent misrepresentation. *See Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 255 S.E. 2d 580, *disc. rev. denied*, 298 N.C. 295 (1979), which found the Restatement of Torts, § 552, to be in accord with North Carolina law. To be adequate to survive a motion to dismiss, a complaint alleging negligence must allege facts which constitute the negligence charged and the facts which establish such negligence as the proximate cause of the injury. *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21 (1960). We think sufficient facts are alleged here by plaintiffs. We disagree also with defendants' position that the second claim of relief is fatally defective because it does not allege that the asserted negligent misrepresentation was a proximate cause of the damage. Defendants point out that the claim "merely states that the alleged damage occurred as 'a consequence' of said alleged negligent misrepresentation." It is not fatal, however, that the words "proximate cause" are not specifically used in the complaint. *Casualty Co. v. Oil Co.*, 265 N.C. 121, 143 S.E. 2d 279 (1965).

Defendants further contend that according to Section 552(b)(ii) of the Restatement of Torts, there must be an element of justifiable reliance by plaintiffs on information negligently supplied by defendants for a cause of action to exist, and because this jurisdiction has long observed the caveat emptor doctrine in commercial real estate transactions, the general rule is that "one has no right to rely on representations as to the condition, quality, or character of such real estate, or its adaptability to certain uses." We think that this question of justifiable reliance is analogous to that of reasonable reliance in fraud actions, where it is generally for the jury to decide whether plaintiff reasonably relied upon representations made by defendant. *Whitaker v. Wood*, 258 N.C. 524, 128 S.E. 2d 753 (1963). Certainly any question of justifiable reliance here should survive the motions to dismiss.

## THIRD CLAIM OF RELIEF

[6] Plaintiffs Stanford allege in their third claim the following:

X. That defendants Yarborough, Gwyn and Owens through their duly authorized agents, servants and employees were negligent in their construction of the lot described in Exhibit B in that they failed to ascertain whether the soil on which they placed the dirt and other fill materials was of sufficient compaction and prior composition to support the fill and any structures which may be placed thereon; failed to properly compact the fill material to halt any significant settling; and further failed to fill the lot in accordance with the required standards.

XI. That the negligence of the defendants, Yarborough, Gwyn and Owens and their duly authorized agents, servants and employees as herein complained of was the proximate cause of the damage to the plaintiffs Stanford; and that as a proximate result of defendants' above mentioned negligence, the plaintiffs Stanford have suffered the following damages: . . .

Negligence has been defined as the failure to exercise proper care in the performance of a legal duty which defendant owed plaintiff under the circumstances surrounding them. *Dunning v. Warehouse Co.*, 272 N.C. 723, 158 S.E. 2d 893 (1968). In this case, at the time of the alleged negligent "construction of the lot," did defendants owe a duty of care to plaintiffs Stanford? We think that plaintiffs' complaint clearly answers this question in the negative. Paragraph IV of the first claim, incorporated within the third claim, alleges that defendants Yarbrough and Gwyn filled the lot as part of their partnership agreement with Owens to develop and sell the land. They then had the land zoned for commercial use. These acts were both taken at some time prior to the eventual contract of sale and sale to plaintiffs. We agree with defendants' argument that no legal duty was owed to these particular plaintiffs at the time of the alleged negligent acts. The trial court correctly dismissed this claim.

FOURTH CLAIM OF RELIEF

This claim purports to be based upon negligent misrepresentation by the individual defendants and seeks damages for reduction in plaintiff's sales volume. The allegations are as follows:

I. Plaintiff, "The Station" realleges Paragraphs II through VIII of the First Claim of Relief and incorporates these paragraphs in this Fourth Claim of Relief as Paragraphs II through VIII as if fully set out herein.

IX. That upon completion of the improvements located on the land described in Exhibit B, the plaintiffs, Stanford leased the land and the building to "The Station." The Stanfords own 100% of the stock in that corporation and incorporated it for the purpose of operating a restaurant on the property. As a result of the negligent misrepresentations of defendants Owens, Yarborough and Gwyn to plaintiffs Stanford, alleged in the Second Claim of Relief, and the resulting sinking and cracking of the building, the plaintiff The Station suffered much adverse publicity. This adverse publicity came after its customers saw the cracks in the floors and walls in the building and these same cracks were shown to the entire television viewing audience of Channel 12, on a 6:00 o'clock news program shown during August of 1976. As a direct result of this adverse publicity the sales volume of The Station has been substantially reduced from September, 1976 and has not returned to the level achieved prior to that date. Prior to this time the sales volume had been steadily increasing.

Defendants Yarborough, Gwyn and Owens should have foreseen that these types of damages would have occurred, when they made the representation that the land described in Exhibit B was suitable for the construction of a building of the type constructed by plaintiffs, Stanford, and that the building would be occupied by the plaintiff, The Station. The negligent misrepresentations were the proximate cause of The Station's damages and those damages are equal to the sum of $60,000.00.

We think the trial court acted improperly in dismissing the fourth claim.

[7]  The plaintiff in this claim is denominated The Station of Silas Creek, Inc., a North Carolina corporation with its principal place of business in Winston-Salem, Forsyth County. The caption of the complaint in this action includes as a party plaintiff a corporation named Silas Creek Station, Inc. We think that any question which

might be raised concerning the variance between these two corporate names is resolved by application of the doctrine *idem sonans*. The names, The Station of Silas Creek, Inc. and Silas Creek Station, Inc., sound sufficiently similar to be covered under this doctrine. *State v. Vincent*, 222 N.C. 543, 23 S.E. 2d 832 (1943).

[8]   Defendants contend that this claim was subject to dismissal on their Rule 12(b)(6) motion because plaintiff failed to allege its loss of profits "specifically and in detail." We do not agree. Lost profits are included under the rubric of special damages. Rule 9(g), North Carolina Rules of Civil Procedure, requires that "[w]hen items of special damage are claimed each shall be averred." Facts giving rise to special damages must be alleged so as to fairly inform defendant of the scope of plaintiff's demand. *Rodd v. Drug Co.*, 30 N.C. App. 564, 228 S.E. 2d 35 (1976). An often repeated statement of this rule has been that special damages must be pleaded with sufficient particularity to put defendant on notice. *Binder v. Acceptance Corp.*, 222 N.C. 512, 23 S.E. 2d 894 (1943); *Conrad v. Shuford*, 174 N.C. 719, 94 S.E. 424 (1917); *Windfield Corp. v. Inspection Co.*, 18 N.C. App. 168, 196 S.E. 2d 607 (1973). After reviewing plaintiff's fourth claim, we hold that it satisfies these pleading requirements. Plaintiff, of course, must still satisfy evidentiary requirements to prove these special damages.

## FIFTH CLAIM OF RELIEF

[9]   Plaintiffs Stanford bring this claim against Coleman Engineering Laboratories, Inc., the corporate defendant. The essential allegations are as follows:

> III. That defendants Yarborough, Gwyn and Owens acting on their own behalf and as agents of the plaintiff retained Coleman for the purposes of conducting a sub-surface examination on that tract of land described in Exhibit B. That pursuant to an oral contract Coleman through its duly authorized agents, servants and employees conducted a study and submitted its findings in a report labeled "Report of Test Borings and Sub-Surface Investigations," dated June 27, 1975, a copy of which is attached as Exhibit C. In that report defendant Coleman stated, ". . . the purpose of this work was to determine the sub-surface soil conditions of the pro-

posed construction area and to obtain information on the varying qualities of the underlying areas." It further stated that, "we have been informed that this proposed structure is to be a single-story building and therefore expect light to moderate loading conditions. Based upon the results of this investigation, it is our opinion that this site is satisfactory for the proposed construction if the soils in and on uninvestigated areas is similar to those encountered in our test borings." Defendant Coleman at all times had knowledge that the contents of its report be relied upon by the plaintiffs and other third-parties.

IV. That this report was submitted to plaintiffs Stanford by defendants Owens, Yarborough and Gwyn and in reliance on its contents plaintiffs Stanford commenced construction of the restaurant building on the land described in Exhibit B. Within three months after completion of construction the rear portion of the building began to sink and the building developed several cracks, the largest of which was located approximately in the middle of the building and ran down both side walls and across the floor. As a result of this cracking and Geo Technical Engineering Company of Research Triangle, North Carolina was retained to examine the building and the subsoil condition. Results of that company's findings are attached in Exhibit D. These findings disclosed that the land on which the building was located was of inadequate compaction and composition to support the building located thereon.

V. That at all times complained of the defendant Coleman was guilty of the following negligent acts and omissions that proximately caused damage to the plaintiff:

(a) The boring logs do not indicate whether the subsoil material was man-made fill or residual.

(b) The sub-surface investigation was not of sufficient depth to encounter the previous landfill nor to determine the composition underlying material and residual soil.

(c) The sub-surface investigation failed to determine whether the soil underlying the fill had sufficient capabilities to withstand the weight of the filled material itself.

(d) The work was not done in accordance with established engineering standards.

VI. That the negligence of the defendant, Coleman and its duly authorized agents, servants, and employees as herein complained of was the proximate cause of the damage to the plaintiffs, Stanford; and that as a proximate result of defendant Coleman's above mentioned negligence plaintiffs, Stanford have suffered the following damages:

(a) The sum of $53,775.00 representing funds expended to halt the existing cracking.

(b) The sum of $250,000.00 representing the fact that the building as constructed was reasonably worth the sum of $250,000.00 but that after the construction, the said building had a fair market value of $.0.

Plaintiffs contend that these allegations state a valid claim for negligence against Coleman. We agree with plaintiffs and hold that the trial court erroneously dismissed this claim. We think that this Court's decision in *Davidson and Jones, Inc. v. County of New Hanover, supra,* clearly embraces the factual situation alleged by plaintiffs:

A surveyor or civil engineer is required to exercise that degree of care which a surveyor or civil engineer of ordinary skill and prudence would exercise under similar circumstances, and if he fails in this respect and his negligence causes injury, he will be liable for that injury. [Citation omitted.] Such liability is based on negligence, and lack of privity of contract does not render [defendant] immune from liability to the general contractor or the subcontractors for damages proximately resulting from submitting a bid or conducting work in reliance on negligently prepared soil test reports. [Citation omitted.]

41 N.C. App. at 668, 255 S.E. 2d at 585.

Coleman seeks to distinguish *Davidson,* arguing that it differs greatly from this case. It points out that in *Davidson* "there was never any doubt about what the soil report would be used for. . . . The report was rendered for the *purpose* of having contractors submit bids." But the language from *Davidson* quoted in

the above paragraph does not limit liability for damages resulting from only submission of bids; it specifically includes "or conducting work in reliance on negligently prepared soil test reports." Coleman also places emphasis on the timing factor, arguing that because its report is dated almost one month after plaintiffs purchased the land, plaintiffs could in no way have relied upon the report in deciding to buy the land. We think this emphasis is ill-placed. Plaintiffs allege that they commenced construction of the building, not purchased the property, in reliance on the contents of the report. Finally, Coleman urges us to find this case to be on "all fours" with *Drilling Co. v. Nello L. Teer Co.*, 38 N.C. App. 472, 248 S.E. 2d 444 (1978). This Court in *Drilling Co.* held that defendant could not be held liable for negligence in the absence of privity of contract. We agree, however, with Judge Erwin's statement in *Davidson* that the decision in *Drilling Co.* does not preclude us from reaching our decision. We are being consistent with the trend of abolishing the privity requirement in cases with factual situations similar to that in *Davidson.* We hold that at this procedural point, plaintiffs have sufficiently alleged a cause of action against Coleman based upon negligence.

### SIXTH CLAIM OF RELIEF

Plaintiff "The Station of Silas Creek, Inc." incorporates paragraphs II through VI of the fifth claim into this claim, alleging negligence on the part of Coleman and seeking damages of $60,000 in lost profits. For the same reasons we set forth in the section entitled Fourth Claim of Relief, we think the trial court incorrectly dismissed the sixth claim.

### SEVENTH CLAIM OF RELIEF

Plaintiffs Stanford argue that this claim states a valid claim for breach of a third-party beneficiary contract. They allege that "upon information and belief defendants Yarborough, and Gwyn entered into an oral contract with defendant Coleman" and that "defendant Yarborough and Gwyn agreed to pay defendant Coleman an agreed upon price for its services."

We think that plaintiffs' own complaint discloses a fact which necessarily defeats this claim. Exhibit C, which is attached to the complaint, is a copy of the report completed by Coleman Engineering Laboratories, Inc. On its face, it reveals that the

client for which the report was prepared was Piedmont Land and Development Co., Inc. Perhaps the individual *defendants* could be called third-party beneficiaries of the contract between Coleman and Piedmont, but certainly plaintiffs could not be. The trial court correctly dismissed this claim.

### DENIAL OF MOTION TO AMEND

Plaintiffs' counsel in open court made a motion to amend all claims of relief after the judge announced his intention to grant defendants' *motions to dismiss.* Plaintiffs' motion was denied. Because we have held that the court erred in dismissing the second, fourth, fifth and sixth claims of relief, plaintiffs are not prejudiced by the refusal of the court to allow amendment of these four claims. Furthermore, a motion to amend a pleading is addressed to the discretion of the trial judge; his ruling is not reviewable absent a clear showing of abuse of discretion. *Vending Co. v. Turner,* 267 N.C. 576, 148 S.E. 2d 531 (1966). Such abuse of discretion does not appear from the record before us.

We affirm the trial court's dismissal of the first, third and seventh claims of relief in plaintiffs' complaint and denial of the oral motion to amend. We reverse the dismissal of the second, fourth, fifth and sixth claims of relief and remand to the Superior Court of Forsyth County for further proceedings.

Affirmed in part. Reversed and remanded in part.

Judges VAUGHN and CLARK concur.