Guy A. Graves, J.
In this case, the facts are clear. Plaintiff’s agent employed defendant to make a survey of its premises located in Londonville, New York, to provide, inter alia, a topography of the site, a topography of Glennon Boad and Loudon Boad abutting the site, the location of storm sewer, water line, gas line, power and telephone poles and fire hydrant. All were to be supplied in order for plaintiff to construct an office building costing $185,000 on this site.
*245 Defendant undertook to make the required survey and supplied plaintiff with the required topography and information. Unfortunately, the proper location of the water line was not provided, and in the midst of construction, plaintiff, upon discovery of the error in the survey, was compelled to reroute the building’s sanitary sewer, relocate the septic tank and do other work at additional expense.
The proof indicates the error was substantial and the cause of the additional work in that the survey provided by defendant failed to show the actual location of the water line, indicating that the water line ran outside plaintiff’s property line when in fact said water line was about 15 feet inside property line, Relying on defendant’s survey, plaintiff had caused plans and specifications to be drawn for its septic tank and drain field to be built in front of the building. The discovery that the water pipeline actually ran in a location under the proposed sewage disposal and thus was a violation of the town health law forced the change in plans and ensuing additional expense.
Plaintiff claims that defendant, a surveyor licensed by the State of New York, negligently and carelessly performed this survey and should be cast in damages accordingly. Defendant denied any negligence or liability on his part, but did not produce evidence to contravene the above facts. It was the defendant’s position that he had met all the professional standards required in the locality and could not reasonably have been expected to locate the water line on the survey anywhere else but where it was indicated on the survey. The defendant’s proof was directed to this position.
What are the professional standards required of a surveyor? It appears that a surveyor is not necessarily an insurer of the accuracy of his work unless he so undertakes. However, a civil engineer (or surveyor) is required to exercise the proper degree of care and skill. If he fails in this respect and his negligence causes injury, he will be liable for that injury. (See 2A Warren’s N. Y. Negligence, ch. 28, pp. 469, 470.)
The duty is perhaps more aptly expressed in New York Jurisprudence (vol. 19, Engineers and Surveyors, § 13, p. 556). A surveyor “ must exercise that degree of care which a civil engineer or a surveyor of ordinary skill and prudence would exercise under similar circumstances, and he may be held responsible for such damages as are sustained due to his negligence and lack of skill.”
And in the American Law Reports (3d Series, vol. 35, pp. 504, 507), the rule is expressed in the following language: “ It *246 is clear that in the practice of his profession, a surveyor may he found liable in damages resulting from his mistake or misrepresentation in the survey of realty, where he does not perform his duties with a reasonable degree of care and skill.”
As to what amounts to a reasonable degree of care and skill, the cases throughout the United States show a dichotomy of results: several reported hold a surveyor liable for incorrect determination of land acreage; on the other hand there is a line of decisions where the surveyor was held not liable. The same ‘ ‘ picture ” is found in those cases involving mistakes as to boundary lines and physical features of the property. (See Ann. 35 ALB, 3d 504, Surveyor’s Liability— Survey Mistake.)
New York State cases in point as to surveyors are strangely rare, but, accepting the analogy to engineers, it may be said that the rule expressed above is the law of this State.
In the instant case, the proof reveals that defendant, in general, followed the ordinary and usual procedures in preparing his survey. These procedures included examination of deeds on file in County Clerk’s office, subdivision maps and drawings, records of District Water Authority, County and State Highway Department, etc.
The maps and surveys placed in evidence revealed, on close analysis, some disparity as to the exact location of the water line. Since the subject parcel abutted a State highway, testimony indicated the records of the State Department of Public Works (as it was then known) should be examined. There was proof offered that the department usually kept two types of maps: (1) right of way maps and (2) construction plans; that normally a surveyor would follow custom and check right of way maps and probably not go into the second category, i.e. construction plans, except that the latter might be consulted if the property were located in a congested area such as the subject parcel. Defendant checked the first type, but did not go into the second category.
A check of both maps in evidence would have revealed a discrepancy and suggested at least further investigation as to the water pipe location, either by means of additional checking of relevant maps and documents or by a further physical examination of the premises.
The failure, under the circumstances, of the surveyor to make this further examination brings the surveyor to the brink of at least falling within the scope of the general rule of negligence.
But, even assuming that normally it might be unreasonable to expect the surveyor to make the further investigation, an *247 additional element in the case appears controlling. The additional element involves the terms of the contract and the parol agreements entered into by the parties. The evidence clearly shows defendant was aware that the precise location of the water line was a specific requirement of the plaintiff. The letters and telephone calls exchanged between the parties emphasized the plaintiff’s interest in the water pipe location.
In short, the terms of the agreement created a duty on the part of the defendant to provide accurate and reliable information as to this location of the water line specifically and in particular, and this the defendant unfortunately did not supply despite his undertaking to do so. This added element, in the court’s view, brings the defendant within the rule for professional performance in New York State and renders him liable for the damages immediately and directly resulting therefrom.
Proof as to those damages comprised the following:
(a) For removal of septic tank and relocation of new distribution box and tanks.................. $2,680.08 (b) Rerouting sanitary sewer from front to side of building .................................. 185.00 (c) New paving................................. 150.00 (d) Temporary heat for project................... 536.35 (e) New test borings............................. 159.00 (f) Architect’s fees for additional work............ 531.85 Total .................................. $4,242.28 Judgment for plaintiff in the amount of $4,242.28.