■ ANDREW SERHOFER, Respondent, v GROMAN & WOLF, P. C., et al., Appellants. [610 NYS2d 294] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 21, 1991, which denied their motion to strike the action from the trial calendar and/or to preclude the plaintiff from offering any expert testimony upon the trial of the action.

Ordered that the order is affirmed, with costs.

The defendants' motion, *inter alia,* to strike the action from the trial calendar was based on the plaintiff's failure to respond to their notice for discovery and inspection regarding expert witnesses. However, the plaintiff's counsel expressly indicated that he "does not intend to retain an expert for his direct case". Moreover, the plaintiff's action to recover damages for legal malpractice is based on the allegation that the defendants agreed to the plaintiff's request to draft a particular contract provision for the plaintiff which would achieve a specific result and the defendants failed to draft that provision. Under these circumstances, expert testimony is not required to establish a prima facie case of legal malpractice, since such an allegation rests on principles of contract and agency, rather than negligence *(see, Olfe v Gordon,* 93 Wis 2d 173, 286 NW2d 573; *Jarnagin v Terry,* 807 SW2d 190 [Mo App]). Indeed, the defendants concede in their brief that "[i]f the Plaintiff's *sole* claim herein is for breach of expressed promise to achieve a specific result then * * * expert testimony is not necessary to make out a prima facie case on this theory".

Despite broad language in the complaint and the bill of particulars which alleges professional negligence on the part of the defendants, the plaintiff acknowledges in his brief on appeal that his sole claim in the instant action is that the defendants breached their contract with him to include a specific provision in a "buy-sell" agreement. Accordingly, the plaintiff should be limited at trial to this particular theory of liability. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.