■ CAROLYN A. ROSCIGNO, Respondent, v TOWN OF MOUNT KISCO, Appellant. [620 NYS2d 145] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Fredman, J.), entered September 25, 1992 in Westchester County, which denied defendant's motion to dismiss the complaint as time barred.

Plaintiff was injured on January 13, 1991 when she slipped and fell on snow and ice that had accumulated on a sidewalk located in the Town of Mount Kisco, Westchester County. Shortly thereafter, plaintiff was contacted by a representative of defendant's insurance carrier regarding her medical and hospital bills. Plaintiff averred that during this conversation, she was assured by the carrier's representative that her claim would be processed expeditiously and would be honored without the need for litigation. Plaintiff then retained Michael

Sirignano to represent her and, on or about February 19, 1991, plaintiff's verified notice of claim was served upon defendant. A hearing pursuant to General Municipal Law § 50-h was conducted in August 1991.

The record indicates that Sirignano received a letter from Margot Saraceno, an adjuster for defendant's carrier, in January 1992 requesting plaintiff's medical records. Sirignano averred that he contacted Saraceno upon receipt of her letter and that Saraceno indicated that once she had reviewed plaintiff's medical records, she would engage in settlement negotiations to resolve plaintiff's claim. Sirignano promptly forwarded the requested records to Saraceno. Approximately one month later, Sirignano contacted Saraceno, who stated that she had not yet reviewed plaintiff's claim but would contact Sirignano once she had done so. Sirignano next contacted Saraceno in mid-March 1992, during which conversation Saraceno asked for additional time to review plaintiff's claim. Sirignano averred that he expressed concern regarding the Statute of Limitations and that Saraceno, in turn, assured him that this matter would be settled without the need for plaintiff to commence a lawsuit. Based upon these representations and his prior dealings with Saraceno, Sirignano agreed not to serve a summons and complaint. When Sirignano next contacted Saraceno, he was advised that plaintiff's file had been closed by the carrier due to the running of the Statute of Limitations.

Plaintiff thereafter commenced this action against defendant,* and defendant moved to dismiss the complaint upon the ground that the action was barred by the Statute of Limitations. Supreme Court denied defendant's motion, and this appeal by defendant ensued.

We affirm. Although settlement negotiations, standing alone, are not sufficient to justify an estoppel (see, Marvel v Capital Dist. Transp. Auth., 114 AD2d 612, affd 67 NY2d 729), a defendant may be estopped from asserting the Statute of Limitations as a defense when such defendant, through fraud, misrepresentation or deception, has induced a plaintiff to refrain from commencing a timely action (see, Simcuski v Saeli, 44 NY2d 442, 448-449; Okie v Village of Hamburg, 196 AD2d 228, 231; Cranesville Block Co. v Niagara Mohawk Power Corp., 175 AD2d 444, 445). Because Saraceno did not

---

* Plaintiff commenced her action against the "Town/Village of Mount Kisco". The Town of Mount Kisco was created and made coterminous with the Village of Mount Kisco pursuant to Laws of 1977 (ch 960).

submit an affidavit in support of defendant's motion to dismiss, plaintiff's version of the discussions between Sirignano and Saraceno is uncontroverted, and we are of the view that plaintiff has set forth sufficient facts to warrant the application of the doctrine of equitable estoppel. Other than its conclusory denial of the statements contained in plaintiff's and Sirignano's respective affidavits, defendant offered nothing to contradict Sirignano's assertion that Saraceno assured him that plaintiff's claim would be resolved without the need for litigation, even after Sirignano voiced his concerns about the Statute of Limitations. Additionally, we note that plaintiff acted with due diligence in commencing this action once the Statute of Limitations expired and it became apparent that defendant's carrier would not settle this matter (see, Simcuski v Saeli, supra, at 450-451). Accordingly, Supreme Court's order denying defendant's motion to dismiss plaintiff's complaint should be affirmed.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.