■ JOHN J. BARATTA et al., Respondents, v ABF REAL ESTATE COMPANY, INC., et al., Defendants, and TORSOE BROTHERS CONSTRUCTION CORP. et al., Appellants. [627 NYS2d 52] —In an action, *inter alia,* to recover damages for fraud, the defendants Torsoe Brothers Construction Corp. and Kenneth J. Torsoe appeal from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated September 9, 1993, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, and the defendant Henry Horowitz, P.E., P.L.S., separately appeals from so much of the same order as denied his motion, *inter alia,* for summary judgment dismissing the complaint insofar as it is asserted against him and certain cross claims against him. The appeal by Henry Horowitz, P.E., P.L.S., brings up for review so much of an order of the same court, dated February 16, 1994, as amended June 30, 1994, as, upon reargument, adhered to the original determination with respect to Henry Horowitz, P.E., P.L.S. *(see,* CPLR 5517 [a]).

Ordered that the appeal by Henry Horowitz, P.E., P.L.S., from the order dated September 9, 1993, is dismissed, without costs or disbursements, as the provisions of that order which he appeals from were superseded by the order dated February 16, 1994, as amended June 30, 1994, made upon reargument; and it is further,

Ordered that the order dated September 9, 1993, is reversed insofar as appealed from by Torsoe Brothers Construction Corp. and Kenneth J. Torsoe, on the law, without costs or disbursements, their motion is granted, the complaint is dismissed insofar as it is asserted against them, and the action against the remaining defendants is severed; and it is further,

Ordered that the order dated February 16, 1994, as amended June 30, 1994, is modified, on the law, by deleting the provision thereof which adhered to the original determination denying that branch of the motion of Henry Horowitz, P.E., P.L.S., which was to dismiss the tenth cause of action sounding in fraud insofar as it is asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated February 16, 1994, as amended June 30, 1994, is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs assert that the appellants fraudulently con-

cealed that property conveyed to them by deed dated December 5, 1979, was encumbered by an easement 50 feet wide, by omitting a description of the easement from certain deeds recorded prior to December 5, 1979, and from a subdivision plat filed in the Rockland County Clerk's Office on June 11, 1979. The holder of the easement, ABF Real Estate Company, Inc. (hereinafter ABF) notified the plaintiffs of its claim to the easement by letter dated March 23, 1988. On June 26, 1990, ABF's attorney notified the plaintiffs to remove their building. In the interim, Henry Horowitz, who prepared the subdivision plat filed in 1979, was engaged in negotiations with all affected parties to "resolve this matter without litigation". The instant action was commenced in 1992.

The Statute of Limitations for a cause of action sounding in fraud is six years from the wrong, or two years from the date the fraud could reasonably have been discovered, whichever is later (see, CPLR 203 [g]; 213 [8]; Murphy v Murphy, 212 AD2d 583; Matter of Kraus, 208 AD2d 728; Emord v Emord, 193 AD2d 775). This Court has held that "the time a plaintiff could with reasonable diligence have discovered the alleged fraud" is the time from which "it conclusively appears that the plaintiff has knowledge of facts which should have caused [him or] her to inquire and discover the alleged fraud" (Rattner v York, 174 AD2d 718, 721; see, Trepuk v Frank, 44 NY2d 723, 725; Dombadze v Lignante, 244 NY 1).

In the instant case, the plaintiffs learned of the claim to the easement in 1988. There is no evidence in the record of any efforts they undertook to investigate the situation at that time. The plaintiffs claim that they delayed commencing an action because the parties were involved in negotiations. However, participation in negotiations alone are generally insufficient to extend the Statute of Limitations, unless the "defendant, through fraud, misrepresentation or deception, has induced a plaintiff to refrain from commencing a timely action" (Roscigno v Town of Mount Kisco, 210 AD2d 573, 574; Simcuski v Saeli, 44 NY2d 442, 448-449; Cranesville Block Co. v Niagara Mohawk Power Corp., 175 AD2d 444, 445). The plaintiffs make no such assertion here. Accordingly, the plaintiffs' causes of action sounding in fraud are time-barred.

The defendant Henry Horowitz, P.E., P.L.S., further asserts that the eighth cause of action against him sounding in breach of contract must be dismissed. That cause of action arises from Henry Horowitz's preparation of a survey in 1987, which again omitted any reference to the 50-foot-wide easement. Horowitz submitted an affidavit wherein he stated that

in his expert opinion as a "licensed professional engineer and land surveyor", he was not required to conduct a title search "with respect to the provisions of the existing or prior deeds for the property" when conducting the survey. Although the plaintiffs failed to submit contrary expert testimony, that claim is refuted, at least in part, by case law *(see, Towner v Jamison,* 98 AD2d 970; *Bowman Assocs. v Danskin,* 72 Misc 2d 244, *affd* 43 AD2d 621). Further, the question of what Horowitz was required to do pursuant to his contractual arrangement may be determinable without resort to expert testimony *(see, Hammer v Rosen,* 7 NY2d 376; *Serhofer v Groman & Wolf,* 203 AD2d 354).

The remaining contentions of Henry Horowitz, P.E., P.L.S., are without merit, or academic. Miller, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.