Steven **ROSNER** and Harvey **Wachtel, Plaintiffs,**

v.

**CODATA CORP.,** Zeteck Corp., Bertrand Dorfman, Arthur Dorfman, and George Finn, Defendants.

No. 91 Civ. 2967 (DNE).

United States District Court, S.D. New York.

Feb. 23, 1996.

Bernard Malina, Malina & Wolson, New York City, for Steven Rosner.

Steven Rosner, White Plains, NY, pro se.

Julius Fisher, Lloyd McAulay, McAulay, Fisher, Nissen, Goldberg & Kiel, New York City, for Frank Meyer, Codata Corporation, Zetek Corporation, Bertrand Dorfman, and Arthur Dorfman.

Mark A. Fowler, Satterlee Stephens Burke & Burke, New York City, for George Finn.

## OPINION & ORDER

EDELSTEIN, District Judge:

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, plaintiff *pro se* Steven Rosner ("Rosner" or "plaintiff") and defendants have cross moved for summary judgment on plaintiff's claims of copyright infringement, fraud, conversion, unjust enrichment, and misappropriation of technology. Because this Court finds that each of plaintiff's claims is barred by the applicable statute of limitations, defendants' motions for summary judgment are granted. In addition, because this Court finds that genuine issues of material fact exist such that plaintiff is not entitled to a judgment as a matter of law on his summary-judgment motion, plaintiff's motion is denied.

## BACKGROUND

Rosner brings various copyright and state-law tort claims based on defendants' allegedly improper appropriation of a computer program ("the computer program") and a computer user manual ("the user manual" or "the manual") that Rosner allegedly co-wrote with former plaintiff Harvey Wachtel in 1973 and 1974. On May 26, 1993, Magistrate Judge Nina Gershon signed an Order, dismissing this action as to Wachtel, including all claims and counterclaims. Accordingly, Wachtel no longer is a plaintiff.

Rosner alleges that in 1973, he worked for the University Application Processing Center ("UAPC") of the City University of New York. (Amended Complaint ¶ 9.) Rosner asserts that his responsibilities at UAPC included "the design, development, and operation of computer systems and associated software." *Id.*

Rosner contends that during the autumn of 1973, the director of UAPC, defendant George Finn ("Finn") assigned Rosner "to work on a new project ... under the management and supervision of defendant Arthur

Dorfman as project leader." *Id.* ¶ 10. Rosner claims that Arthur Dorfman assigned Rosner to work on "the design and development of prototype software for fire monitoring and control, including the technical design, programming and testing thereof, as well as preparation of a user specification manual for such fire monitoring and control system." *Id.* Rosner asserts that "[u]nder the direct supervision and management by defendant Arthur Dorfman at UAPC, [Rosner] carried out [his] assigned duties . . . during normal daytime working hours consistent with [his] prior working schedule at UAPC and additionally performed substantial overtime work on said Project throughout the term thereof." *Id.* at 12.

Plaintiff asserts that as part of his work on the fire-monitoring-system project, he "visited the offices of defendant Codata in Larchmont, New York from time to time during the course of the Project." *Id.* ¶ 13. Plaintiff alleges that when he finished "the fire monitoring and control computer program . . . [he] spent several weeks at the facilities of defendant Codata performing extensive tests of plaintiffs' computer program on the corresponding computer hardware." *Id.*

Plaintiff claims that "[u]pon completion of plaintiffs' work pursuant to defendants' instructions, [Rosner and Wachtel] turned over their work product comprising the computer program, the user specifications manual and related documentation to defendants in or about April 1974." ¶ 14. Plaintiff further asserts "[u]pon information and belief" that the "Fire Monitoring and Control System, including plaintiffs' computer program, was installed in many office buildings in New York City and elsewhere, including without limitation, 529 Fifth Avenue, 666 Fifth Avenue, One Bankers Trust Plaza, and One New York Plaza, in New York City." *Id.* ¶ 14.

Plaintiff contends that "defendants falsely represented to plaintiffs that the aforesaid work requested of plaintiffs was in accordance with plaintiffs' obligations of employment at UAPC." *Id.* ¶ 15. Plaintiff alleges that as a result of these misrepresentations, defendants obtained the computer program and user specification manual that plaintiff created, and defendants commercially exploited plaintiff's creations. *Id.* ¶¶ 14–17.

In 1989, plaintiff filed both the computer program and the user manual with the United States Copyright Office. The computer program was assigned registration number TXu 389–162, and the effective date of the registration was October 16, 1989.[1] The user manual was assigned registration number TXu 388–472, and the effective date of the computer program's registration was October 12, 1989.

Plaintiff filed suit in the United States District Court for the Southern District of New York on April 30, 1991, alleging eight causes of action. First, plaintiff alleges that defendants Codata Corporation ("Codata"), Zeteck Corporation ("Zeteck"), Bertrand Dorfman, and Arthur Dorfman infringed plaintiff's copyright of the computer program. Second, plaintiff claims that defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman infringed plaintiff's copyright of the user manual. Third, plaintiff alleges that defendant Finn infringed plaintiff's copyright of the computer program. Fourth, plaintiff contends that Finn infringed plaintiff's copyright of the user manual. Fifth, plaintiff asserts that "defendants" defrauded plaintiff. Sixth, plaintiff alleges that "defendants" converted the computer program and the user manual that plaintiff created. Seventh, plaintiff contends that "defendants" have been unjustly enriched. Eighth, plaintiff brings a cause of action against "defendants" that is styled "Misappropriation of Technology." Plaintiff voluntarily dismissed the third, fourth, sixth and eighth causes of action that were

---

1. Pursuant to an application by Rosner, the United States Copyright Office also issued a Certificate of Supplementary Copyright Registration regarding the computer program. Plaintiff sought this supplementary registration to correct a "clerical error" in the original registration. Plaintiff asserted in his application for the supplementary registration that the original application for registration incorrectly identified the year in which the computer program was created as 1984, when in fact the program was created in 1974. The supplemental registration was assigned registration number TXu 462–801, and the effective date of the supplementary registration was December 17, 1990.

brought against defendant Finn. Accordingly, plaintiff only seeks relief from Finn on the grounds of fraud and unjust enrichment.

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman largely deny plaintiff's allegations. Defendants' deny that Rosner "carried out assigned duties under the direct supervision and management of Arthur Dorfman at UAPC." (Answers by Defendants Codata Corporation, Zeteck Corporation, Bertrand Dorfman and Arthur Dorfman to Plaintiffs' Amended Complaint, and Codata Corporation's Counterclaims against Plaintiffs ¶ 12.) These defendants further deny that Rosner holds a valid copyright to either the computer program or the user manual. *Id.* ¶ 13.

Defendant Codata also filed counterclaims against Rosner. Codata alleges that Rosner was "hired to render coding and computer programming services for use by Codata in a particular Codata fire monitoring and control system." *Id.* ¶ 66. Codata asserts that "Codata developed and provided [Rosner] with data and information to enable [Rosner] to write and/or create coding and programming . . . based on said data and information" and that "Codata . . . exercised control and direction over the creation and development of said work." *Id.* ¶¶ 67–68. Codata claims that plaintiff was "fully paid" for his work. *Id.* ¶ 70. Codata alleges that the computer program that the plaintiff registered with the United States Copyright Office is a work that was created by Rosner for Codata, and "which was derived from the data and information provided by Codata to [Rosner]." *Id.* ¶ 72. Codata also maintains that Rosner had access to a fire-control-and-maintenance user manual that was "created by Codata" and that Rosner copied this manual and registered this manual with the United States Copyright Office. ¶ 75–77. Codata claims that "[t]he manual which is the subject of [registration number] TXU 388–472 . . . was copied, virtually in its entirety, from Codata's user manual." *Id.* ¶ 77.

Based on the facts alleged in its counterclaims, Codata brings two claims for relief. First, Codata seeks a declaratory judgment that Rosner is not the author of the computer program that is the subject of copyright registration number TXu 389–102 or the user manual that is the subject of copyright registration number TXu 388–472. *Id.* ¶¶ 81–84 & 16. Second, Codata asks this Court to cancel copyright registration number TXu 389–102 and copyright registration number TXu 388–472. Codata claims that in filing papers with the United States Copyright Office in which he claimed to be the author of the computer program and the user manual, Rosner "knowingly made materially false statements to the Copyright Office." *Id.* ¶ 86. Codata asserts that because the Copyright Office relied upon these false statements in deciding to issue copyright registration numbers Txu 389–102 and TXu 388–472, this Court should cancel these copyrights.

Defendant Finn—who did not join in the answer filed by the other defendants but rather filed a separate answer—also largely denies plaintiff's claims. Finn denies that he assigned Rosner to work on the fire-monitoring-and-control system with Arthur Dorfman. (Defendant George Finn's Answer ("Finn's Answer") ¶ 5.) Finn further denies that defendants falsely represented to Rosner that Rosner should design the fire-monitoring-and-control system as part of Rosner's work at UAPC. *Id.* ¶ 10. Finn also denies that defendants conspired to defraud Rosner and that defendants conspired to induce Rosner to create and deliver the computer program and the user manual. *Id.*

Currently before the Court are the parties respective motions for summary judgment. Rosner moves for partial summary judgment regarding the copyright of the user manual, TXu 388–472. Rosner claims that he is entitled to a judgment that: (1) he owns the copyright to the user manual; (2) defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman are not entitled to a declaratory judgment that Rosner does not hold a valid copyright to the user manual; (3) copyright TXu 388–472 should not be canceled; and (4) defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman infringed Rosner's copyright of the user manual. (Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Summary Judgment Memo") at 4.)

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman have cross moved for summary judgment, arguing that all of Rosner's claims should be denied as a matter of law. Defendants' contend that each of Rosner's claims is barred by the applicable statute of limitations. (Movants' Memorandum in Support of Their Cross Motion for Summary Judgment ("Defendants' Cross Motion Memo") at 15–25.)

Defendant Finn also has moved for summary judgment. Like the other defendants, Finn argues that each of plaintiff's claims is barred by the applicable statute of limitations. (Defendant George Finn's Memorandum of Law in Support of His Motion for Summary Judgment ("Finn's Summary Judgment Memo") at 4–8.)

## DISCUSSION

As an initial matter, it should be noted that plaintiff has proceeded in this litigation *pro se*. Courts in this circuit read papers submitted by a *pro se* litigant "liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (citing *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir.1993)).

A party seeking summary judgment must demonstrate "that there is no genuine issue as to any material fact" such that it "is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The moving party has the initial burden of establishing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether this burden has been met, however, "[i]t has long been the rule that 'on summary judgment the inferences to be drawn from the underlying facts contained in [the moving party's] materials must be viewed in the light most favorable to the party opposing the motion.'" *Lendino v. Trans Union Credit Info. Co.*, 970 F.2d 1110, 1112 (2d Cir.1992) (quoting *Adickes*, 398 U.S. at 158–59, 90 S.Ct. at 1609). "In considering the motion, the court's re-sponsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight*, 804 F.2d at 11 (citations omitted).

If the movant demonstrates an absence of material facts such that he is entitled to a judgment as a matter of law, "summary judgment will be granted unless the party opposing the motion offers some competent evidence that could be presented at trial showing that there is a genuine issue as to a material fact." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727, at 143 (2d ed. 1983); *see also* Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). This Court will deny summary judgment if the evidence supporting the non-moving party's case is sufficient to lead a rational trier of fact to return a verdict in his favor. *National Union Fire Ins. Co. v. Walton Ins. Ltd.*, 696 F.Supp. 897, 900 (S.D.N.Y.1988).

In the instant case, plaintiff moves for summary judgment on a number of issues regarding the user manual. Plaintiff seeks a judgment that he owns the manual and that defendants infringed his copyright of the manual. (Plaintiff's Summary Judgment Memo at 4.) Moreover, plaintiff seeks a judgment denying defendants' counterclaims for a declaration that plaintiff does not hold a valid copyright for the manual and for cancellation of plaintiff's copyright. *Id.*

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman contend that the applicable statute of limitations bars each of the claims that plaintiff has brought against them. Similarly, defendant Finn asserts that the each of the claims that plaintiff

has brought against him are barred by the applicable statute of limitations.

In the interests of clarity, this Court will first examine defendants' arguments that the applicable statutes of limitations bar all of plaintiff's claims. Next, this Court will examine plaintiff's summary-judgment claim.

### 1. Statute of Limitations: Plaintiff's Copyright Infringement Claims

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman contend that the statute of limitations bars Rosner's claims that these defendants infringed plaintiff's copyrights of the computer program and the user manual.[2] These defendants contend that even if it is assumed *arguendo* that plaintiff holds valid copyrights for the computer program and the user manual, defendants would, nonetheless, be entitled to a judgment as a matter of law because the wrongful conduct that plaintiff alleges occurred outside the three-year statute of limitations for copyright infringement. Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman argue that plaintiff's papers allege wrongful conduct that occurred in 1973 and 1974. (Defendants' Cross–Motion Memo at 3.) In addition, in a declaration submitted in support of defendants' cross motion for summary judgment, defendant Bertrand Dorfman asserts that "[t]he Codata program and systems specification documents are not now used and have not been used since 1975 for any purpose." (Defendants' Cross Motion Memo, Ex. G, Declaration of Bertrand Dorfman ¶ 20.)

Plaintiff contends that the statute of limitations does not bar his copyright infringement claims for two reasons. First, Rosner claims that defendants infringed plaintiff's copyright within the statutory period. Plaintiff claims that "[a]s of April 1988, at least two sites maintained by Codata/ZETEK [sic] were using a Fire Control System ... which plaintiff contends was derivative of his work." (Plaintiff's Memorandum of Law in Response to Defendants' Cross Motion for Summary Judgment ("Plaintiff's Response Memo") at

6.) Plaintiff contends that defendants' action in maintaining these sites in 1988 constitutes infringements of plaintiff's copyright and that these infringements are within the three-year copyright statute of limitations because these alleged infringements occurred in 1988 and plaintiff brought suit in 1991.

Second, plaintiff contends that the statute of limitations does not bar his claims for copyright infringement because the statute of limitations should be tolled in the instant case because defendants fraudulently concealed their infringement from plaintiff. *Id.* at 6–7. Plaintiff contends that in 1989, he realized that the computer program and the user manual that he designed while working at UAPC were not, in fact, prepared as part of his employment. (Plaintiff's Summary Judgment Memo at 8.) Plaintiff contends that defendants fraudulently induced plaintiff to create these works and that only after plaintiff discovered defendants' fraud in 1989 did plaintiff register his copyrights of these works and bring suit. *Id.* Accordingly, plaintiff contends that because he did not discover defendants' deceit until 1989, the copyright statute of limitations should be tolled until the time of his discovery of defendants' alleged fraud.

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman counter that the statute of limitations should not be tolled in the instant case because plaintiff has failed to demonstrate that he did not discover or should not have discovered defendants' alleged deceit until 1989. In their memorandum of law, these defendants quote the following testimony from Rosner's deposition:

A: ... I discovered that there was a very, very high probability that I was defrauded in terms of my work in 1974, and I wanted to get as much information as possible in evaluating how to proceed.

Q: How did you discover this?

A: In 1988, I developed a computer business software for the printing industry, and sometime, I would say spring

---

**2.** Although plaintiff's Amended Complaint also claims that defendant Finn infringed plaintiff's copyrights of the computer program and the user manual, plaintiff voluntarily dismissed these claims.

of '89, in trying to get publicity for that and perhaps raise capital, in fact, and raise capital for the business, I went back in my mind and on paper in terms of my accomplishments and had reason to think in 1974 I was co-author, co-software author of the first prototype, whatever you want to call it, software for fire control and development for high rise building. To me that was a tremendous accomplishment. At one point during that period in my leisure I asked myself, I wonder why they chose Harvey [Wachtel] and myself to do that project when there were some other people there. And immediately an answer came to me, which was because Harvey and myself did not realize or would not have realized at that time what they were doing. I understood then that actually my assumptions over all these years were incorrect and that I was not doing this for UAPC, but this was done outside that framework.

I understood then that actually my assumptions over all these years were incorrect and that I was not doing this for UAPC, but this was done outside that framework.

Q: You said that you had this thought or realization in that period. What was the period when you had the realization?

A: Well, it was ...

Q: As best you can tell.

A: It was spring of 1989.

Q: What was it that led you to have the realization then and not have had it earlier.

A: Very simply, I never asked the right question before to myself.

Q: What would have been the right question?

A: The question was I wonder why Harvey and I were picked to do the system.

(Rosner Deposition at 7–9 (reprinted as Exhibit D to Defendants' Cross–Motion).) Defendants contend that Rosner's mere failure to ask himself "the right question" between 1974 and 1989 is an insufficient ground to toll the statute of limitations.

In an affidavit that Rosner submitted in response to defendants' cross-motion for summary judgment, Rosner offers additional facts that Rosner contends demonstrate that the statute of limitations should be tolled in the instant case. (Affidavit of Steven Rosner (March 8, 1994).) In this affidavit, Rosner contends that in the spring of 1989, Rosner met George Lipper ("Lipper") at the West Hempstead Public Library. *Id.* ¶ 15. Rosner asserts that Lipper had worked with Rosner at UAPC during the 1970s and that Lipper was working at UAPC at the time Rosner encountered him in 1989. *Id.* Rosner claims that Lipper informed Rosner that "during the early 1980's the university replaced [defendant] Finn as 'director' to establish better control of that entity.... [and that] the university discovered [that] Mr. Finn and several other employees were using UAPC for their own private dealings." *Id.* ¶ 18. Rosner further contends that although "[a]t that very moment ... it did not occur to me that Finn may have been paid privately for the work Wachtel and I did for Codata.... as I stated under deposition, that insight occurred a short time later." *Id.* ¶ 20.

With these facts in clear view, this Court must turn to the legal issue of whether defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman have met their initial burden under Rule 56 of demonstrating the absence of a genuine issue of material fact that entitles them to a judgment as a matter of law. Defendants' statute-of-limitations argument is predicated on the assertion that plaintiff has failed to demonstrate one of the elements of a copyright-infringement claim—namely, that defendants' infringed plaintiff's copyright within the period of time established by the statute of limitations.

■ "To prevail on a claim of copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Arden v. Columbia Pictures Indus. Inc.*, 908 F.Supp. 1248, 1257 (S.D.N.Y.1995) (quoting *Feist Publications,*

*Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991)); *Kregos v. Associated Press,* 3 F.3d 656, 661 (2d Cir.1993) ("A copyright-infringement action requires the copyright owner to prove copying of a copyrighted work by an infringer.") (citation omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 1056, 127 L.Ed.2d 376 (1994).

■ The statute of limitations for a copyright-infringement claim is three years. 17 U.S.C. § 507(b) ("No civil action [for copyright infringement] shall be maintained under the provisions of this title ... unless it is commended within three years after the claim accrued."); *Kregos,* 3 F.3d at 661 (stating that a copyright action "must be commenced within three years after the claim accrued"); *Byron v. Chevrolet Motor Div. of General Motors Corp.,* 93 Civ. 1116, 1995 WL 465130 at *3 (S.D.N.Y. Aug. 7, 1995). In determining whether the statute of limitations for copyright infringement has expired, "[t]he limitations period does not begin to run from the first infringing act." David E. Harrell, *Difficulty Counting Backwards from Three: Conflicting Interpretations of the Statute of Limitations on Civil Copyright Infringement,* S.M.U.L.Rev. 669, 676 (1995) ("*Counting Backwards*"). In this circuit, " '[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief.... This does not mean that when infringements occur during the limitations period recovery may be had for past infringements. Recovery is allowed only for those acts occurring within three years of suit and is disallowed for earlier infringing acts.' " *Byron,* 1995 WL 465130 at *3 (quoting *Stone v. Williams,* 970 F.2d 1043 at 1049–50 (2d Cir.1992)) (ellipsis in *Byron* ).

■ In order to satisfy their burden under Rule 56, defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman must demonstrate that there is no genuine issue of material fact that plaintiff failed to file suit within the period established by the statute of limitations. Because plaintiff filed suit on April 30, 1991, defendants will satisfy this burden if they demonstrate that there is no evidence in the record that defendants infringed plaintiff's copyrights in the three years preceding April 30, 1991.

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman have met their burden under Rule 56(c) because there is no evidence that defendants infringed plaintiff's copyrights within the period established by the statute of limitations. Plaintiff, himself, makes no specific allegation of copyright infringement. Although plaintiff's complaint and plaintiff's memorandum accuse defendants of misappropriating the computer program and user manual that plaintiff allegedly created, and although plaintiff claims that defendants exploited plaintiff's creations for their economic advantage, plaintiff fails to provide any evidence of any specific instance when defendants copied either the computer program or the user manual. In addition, even if this Court were to construe plaintiff's claims of misappropriation as claims of copyright infringement, these claims would, nonetheless, be barred by the statute of limitations. Plaintiff claims that defendants misappropriated the computer program and the user manual in 1973 and 1974—more than sixteen years before plaintiff filed suit. Because plaintiff did not bring suit until April 1991, his claims that defendants copied his work in 1973 and 1974 are barred by the three-year statute of limitations for civil copyright claims.

Moreover, Defendant Bertrand Dorfman's affidavit states that Codata has not used either the computer program or the user manual since 1975. (Defendants' Cross–Motion Memo, Ex. G, Declaration of Bertrand Dorfman, ¶ 20.) Even if this Court were to assume that defendants violated plaintiff's copyrights when they used the program and the manual in 1975, plaintiff would still have failed to file suit within the period established by the statute of limitations. On the record before this Court, there is no evidence that defendants infringed either plaintiff's copyright of the computer program or the user manual within the period established by the statute of limitations.

Because defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman have demonstrated the absence of material facts such that they are entitled to a judgment as

a matter of law, "summary judgment will be granted unless the party opposing the motion offers some competent evidence that could be presented at trial showing that there is a genuine issue as to a material fact." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727, at 143 (2d ed. 1983); *see also* Fed. R.Civ.P. 56(e). Rosner has attempted to defeat summary judgment by raising two arguments, both of which are meritless.

■ First, plaintiff argues that defendants infringed plaintiff's copyrights within the statutory period because "[a]s of April 1988, at least two sites maintained by Codata/ZETECK [sic] were using a Fire Control System ... which plaintiff contends was derivative of his work." (Plaintiff's Response Memo at 6.) Plaintiff makes this claim in a memorandum of law, not in a sworn affidavit. *See id.*

Plaintiff's mere assertion that Codata and Zeteck are maintaining two sites that use a fire-control system that plaintiff claims is a derivative of his work is not evidence and therefore cannot defeat defendants' motion for summary judgment. Rule 56(e) states "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In order to demonstrate that there is a genuine issue for trial, the party opposing summary judgment "must come forward with enough evidence to support a jury verdict in its favor." *Maier–Schule GMC, Inc. v. General Motors Corp.,* 154 F.R.D. 47, 59 (W.D.N.Y. 1994); *see also Union Ins. Soc. of Canton, Ltd. v. William Gluckin & Co.,* 353 F.2d 946 (2d Cir.1965) ("Conclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R.Civ.P. 56(e)...."). "Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." 10A Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727, at 156 (2d ed. 1983). In the instant case, plaintiff has failed to submit any evidence to support his claim that defendants have maintained two sites that use a computer program that is derivative of plaintiff's copyrighted work. In addition, plaintiff has failed to explain the basis of his claimed knowledge regarding these two sites. Plaintiff's bare assertion regarding these sites is not evidence and therefore is insufficient to defeat summary judgment.

■ In addition, plaintiff has failed to present evidence sufficient to defeat summary judgment because plaintiff's assertion that defendants are "maintaining" two sites that use a computer program that is a derivative work of plaintiff's copyrighted works is irrelevant to the issue of copyright infringement. The gravamen of a claim of copyright infringement is that a defendant copied a plaintiff's protected work. *See* 17 U.S.C. § 106 (listing the exclusive rights that a copyright holder possesses); 17 U.S.C. § 501 (discussing acts that constitute infringement of copyright); 17 U.S.C. § 117 (stating that copyright law "does not afford to the owner of a copyright" of a computer program "any greater or lesser rights with respect to the use of the work"). When a defendant copies a plaintiff's work, the infringement occurs at the moment of copying, and the statute of limitations begins to run when the copyright owner knows or should know of the infringement. In the instant case, plaintiff has sought to defeat summary judgment by alleging that Codata and Zetek are "maintaining" computer systems that are a derivative of his work. Yet, mere maintenance of a copy is not copying, and the statute of limitations does not begin to run anew during the period of maintenance. Rather, the statute of limitations begins to run when plaintiff knew or should have known of the copyright infringement, and as the following discussion makes clear, plaintiff should have known about the alleged infringements in the instant case in 1974. Accordingly, plaintiff's assertions regarding defendants' "maintenance" of computer systems at two sites is not relevant to the issue of when defendants

allegedly copied plaintiff's copyrighted works.

■ Second, plaintiff contends that the statute of limitations does not bar his claims for copyright infringement because the statute of limitations should be tolled in the instant case because defendants fraudulently concealed their infringement from plaintiff. (Plaintiff's Response Memo at 6–7.) Plaintiff's argument is meritless, however, because plaintiff's deposition testimony establishes that a reasonable person in plaintiff's position should have discovered the alleged copyright violations in 1974.

■ In copyright law, " 'a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.' " *Stone v. Williams,* 766 F.Supp. 158, 165 (S.D.N.Y.1991) (quoting *Cullen v. Margiotta,* 811 F.2d 698, 725 (2d Cir.1987)), *rev'd on other grounds* 970 F.2d 1043, *cert. denied,* 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 *see also Counting Backwards,* 48 S.M.U.L.Rev. at 683 ("The discovery rule tolls the running of the limitations period until the plaintiff is aware or a reasonable person should have become aware of the cause of action."). Although fraudulent concealment of a copyright infringement will toll the statute of limitations, the statute of limitations begins to run when "the plaintiff has or with reasonable diligence should have discovered the critical facts." *Stone,* 766 F.Supp. at 166 (quotation omitted).

In the instant case, plaintiff's deposition testimony establishes that he should have been aware of any copyright infringement or misappropriation of his work in 1974. Plaintiff asserts that in 1989, he realized that defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman had misappropriated his work. Plaintiff states that "[a]t one point during that period in my leisure I asked myself, I wonder why they chose Harvey [Wachtel] and myself to do that project when there were some other people there." (Rosner Deposition, at 8 (reprinted as Exhibit D to Defendants' Cross–Motion).) Plaintiff further asserts that after he asked himself this question, "immediately an answer came to me, which was because Harvey and myself did not realize or would not have realized a

that time what they were doing. I understood then that actually my assumptions over all these years were incorrect and that I was not doing this for UAPC, but this was done outside that framework." *Id.* Plaintiff further states that the only reason he did not come to this realization earlier was that "[v]ery simply, I never asked the right question before to myself." *Id.* at 9. As this deposition testimony makes clear, a reasonable person in plaintiff's position should have been aware of the alleged copyright violations and the alleged misappropriation of property in 1974. The mere fact that plaintiff's failed to ask himself "the right question" for almost fifteen years does not create a reasonable excuse for plaintiff's failure to discover the alleged misappropriation and copyright violations. Accordingly, the statute of limitation should not be tolled in the instant case.

In the affidavit that plaintiff submitted in opposition to defendants' cross motion for summary judgment, however, plaintiff states that he only became aware of defendants' violations after plaintiff had a conversation with George Lipper in 1989. In this affidavit, plaintiff attributes his belated discovery of defendants' alleged misdeeds to the information that he gleaned from his conversation with Lipper. (Affidavit of Steven Rosner (March 8, 1994) ¶¶ 15–20.)

■ Rosner's affidavit raises no issue of material fact, however, because "[t]he rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony." *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.,* 925 F.2d 566, 572 (2d Cir.1991) (citations omitted); *see also Mack v. United States,* 814 F.2d 120, 124 (2d Cir.1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.") (citations omitted). This rule is necessary to insure that summary judgment functions properly because " '[i]f a party who has been examined at length on deposition could raise an issue of

fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Mack*, 814 F.2d at 124–25 (quoting *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969)).

Rosner has engaged in exactly the type of conduct that is prohibited by the rule of *Trans–Orient* and *Mack*. In his deposition, Rosner claims that merely by asking himself "the right question," he became aware of the fact that Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman had violated his copyrights and misappropriated his property. In the affidavit that he submitted in opposition to defendants' cross motion for summary judgment, however, plaintiff contradicts his sworn deposition testimony, stating that his epiphany was sparked by a conversation with Lipper. Plaintiff's claimed conversation with Lipper does not appear in plaintiff's deposition testimony or in any other document that was submitted to this Court. Rather, this conversation only materialized in opposition to defendants' summary-judgment motion, and as *Trans–Orient* and *Mack* clearly hold, plaintiff cannot create an issue of material fact merely by contracting his prior sworn testimony.

Moreover, even if this Court were to consider plaintiff's statements regarding his conversation with Lipper, plaintiff's deposition testimony demonstrates that a reasonable person in plaintiff's position would have discovered defendant's alleged fraudulent concealment in 1974. At deposition, plaintiff stated that he failed to discover this alleged deceit because "[v]ery simply, I never asked the right question before to myself." (Rosner Deposition, at 9 (reprinted as Exhibit D to Defendants' Cross–Motion).) Further, plaintiff stated that when he asked himself the right question, "immediately an answer came to me." *Id.* at 8. Although plaintiff's affidavit indicates that plaintiff's conversation with Lipper may have been the catalyst that finally caused plaintiff to ask himself "the right question" after fifteen years, the statements that plaintiff made at deposition establish that plaintiff could have discovered the alleged fraudulent concealment at any time

during that fifteen-year period. Thus, even if this Court were to consider plaintiff's conversation with Lipper, this Court holds that the statute of limitations should not be tolled in the instant case.

Accordingly, because there is no issue of material fact that plaintiff failed to bring his claims of copyright infringement within the three-year period established by the statute of limitations, and because this Court holds that the statute of limitations should not be tolled in the instant case, this Court holds that defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman are entitled to a judgment as a matter of law.

### 2. Statutes of Limitations: Plaintiff's State–Law Claims

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman contend that the respective statutes of limitations bar plaintiff from bringing his claims of fraud, conversion, unjust enrichment, and misappropriation of technology. Moreover, defendant Finn argues that plaintiff's claims of fraud and unjust enrichment—which are the only claims that plaintiff brings against Finn—are barred by the respective statutes of limitations. In opposition to defendants' motions, plaintiff raises the same arguments that plaintiff raised in the context of the copyright statute of limitations. This Court finds that, for the same reasons that plaintiff's copyright claims are barred by the copyright statute of limitations, plaintiff's four state-law claims are barred by the applicable statutes of limitations.

First, plaintiff brings a claim for fraud under New York State law. In New York State, "[t]he Statute of Limitations for a cause of action sounding in fraud is six years from the wrong or two years from the date the fraud could reasonably have been discovered, whichever is later." *Baratta v. ABF Real Estate Co., Inc.*, 215 A.D.2d 518, 627 N.Y.S.2d 52, 53 (2d Dep't 1995); *see also* N.Y.Civ.Prac.L. & R. §§ 203(f), 213(8); N.Y.Civ.Prac.L. & R. Practice Commentary C203.12 (discussing statute of limitations in fraud actions).

■ In the instant case, defendants are entitled to a judgment as a matter of law because there is no genuine issue of material fact that plaintiff failed to file his fraud claim within the period prescribed by the statute of limitations. Plaintiff alleges a scheme among defendants, whereby defendants defrauded him by misrepresenting to him in 1973 and 1974 that plaintiff was creating a computer program and user manual for UAPC, when in fact, plaintiff was creating the computer program and the manual for defendants. Thus, if any fraud occurred in the instant case, it occurred in 1973 and 1974 when defendants allegedly tricked plaintiff and thereby fraudulently obtained his work. Moreover, unlike a claim for copyright infringement—where the statute of limitations begins to run anew for each subsequent infringing copy—plaintiff has only alleged one fraud on the part of defendants. By plaintiff's own assertions, this fraud occurred in 1973 and 1974. Accordingly, plaintiff's claim is barred under New York law because plaintiff brought suit in 1991, which is well outside the six-year limitations period for a fraud that occurred, at the latest, in 1974.

■ In addition, plaintiff's fraud claim is not saved by the provision of the statute of limitation that permits a party to bring a fraud claim within "two years from the date the fraud could reasonably have been discovered." *Baratta,* 215 A.D.2d 518, 627 N.Y.S.2d at 53. Plaintiff uses the same argument to justify his failure to bring his fraud claim within the statutory period as he used to justify his failure to file timely copyright claims. Plaintiff claims that he failed to bring this claim until 1991 because he failed to ask himself "the right question." Plaintiff's mere failure to ask himself "the right question" is not a reasonable basis for plaintiff's failure to bring a timely fraud cause of action. Accordingly, this Court finds that a reasonable person would have discovered defendants' alleged fraud in 1974, and this Court holds that plaintiff's New York State action for fraud is barred by the statute of limitations.

■ Second, plaintiff contends that defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman converted plaintiff's computer program and plaintiff's user manual.[3] In New York State, "[f]or Statute of Limitations purposes, an action for conversion as well as an action for damages for the taking of a chattel are subject to a three-year limitation period...." *Vigilant Ins. Co. of America v. Housing Auth. of the City of El Paso,* 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121 (1995); N.Y.S.Civ.Prac.L. & R. § 214 (McKinney 1990). Moreover, in an action for conversion, "accrual runs from the date the conversion takes place ... and not from discovery or the exercise of diligence to discover...." *Vigilant,* 87 N.Y.2d at 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121.

In the instant case, plaintiff has alleged that defendants converted his computer program and his user manual in 1974. Because plaintiff did not file suit until 1991, plaintiff's claim of conversion is barred by the three-year statute of limitations for conversion. Accordingly, defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman are entitled to a judgment as a matter of law.

■ Third, plaintiff claims that defendants Codata, Zeteck, Bertrand Dorfman, Arthur Dorfman, and Finn have been unjustly enriched. In New York State, a claim for unjust enrichment is subject to a six-year statute of limitations. *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.,* 192 A.D.2d 501, 596 N.Y.S.2d 435, 437 (2d Dep't 1993); N.Y.S.Civ.Prac.L. & R. § 213(1) (McKinney 1990). The statute of limitations for a claim "starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution." *Congregation,* 192 A.D.2d 501, 596 N.Y.S.2d at 437.

■ In the instant case, the alleged wrongful conduct that gave rise to plaintiff's claim of unjust enrichment occurred outside the statutory period. Plaintiff claims that defendants have been unjustly enriched by

---

**3.** Plaintiff voluntarily dismissed this cause of action against defendant Finn. Even if plaintiff had not dismissed this cause of action against Finn, however, this Court finds that this Court's statute-of-limitations analysis would apply to an allegation that Finn converted plaintiff's computer program and user manual.

exploiting plaintiff's computer program and user manual for defendant's pecuniary gain. Although plaintiff has asserted that defendants have made large sums of money from selling this program and this manual, plaintiff has provided no evidence of any specific sale of either the program or the manual. Instead, plaintiff simply asserts that defendants improperly obtained plaintiff's program in 1974, and plaintiff presents no evidence regarding when defendants' allegedly sold plaintiff's works. In fact, the only evidence in the record regarding when defendants used the program and the manual comes from defendant Bertrand Dorfman, who asserts that Codata last used the computer program and user manual in 1975. (Defendants' Cross–Motion Memo, Ex. G, Declaration of Bertrand Dorfman ¶ 20.) Thus, even if this Court were to assume that defendants were some how unjustly enriched by Codata's use of the program and the manual in 1975, the statute of limitations should have begun to run, at the latest, in 1975 when Codata last used these works. Because plaintiff did not file suit until 1991, plaintiff's unjust-enrichment claim is barred by the six-year statute of limitations. Further, the statute of limitations should not be tolled in the instant case because, as previously discussed, a reasonable person in plaintiff's position would have discovered defendants' alleged misdeeds in 1974.

Fourth, plaintiff brings a claim against defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman that plaintiff has styled as "misappropriation of technology." [4] As an initial matter, it is unclear what tort plaintiff is alleging when he speaks of "misappropriation of technology." Although this term has occasionally been used to describe cases that involve the misappropriation of trade secrets, *see Construction Technology Inc. v. Lockformer Co., Inc.,* 704 F.Supp. 1212, 1225–28 (S.D.N.Y.1989), plaintiff's papers do not appear to accuse defendants of misappropriation of trade secrets. Rather, plaintiff seems to assert that defendants have misappropri-

ated certain property of plaintiff and that this property is a type of technology.

■ Regardless of how this Court construes plaintiff's claim of misappropriation of technology, however, that claim is barred by the applicable statute of limitations. If this Court construes plaintiff's claim as one of conversion, as this Court's previous discussion of conversion demonstrates, plaintiff's claim is barred by the statute of limitations. If this Court were to construe plaintiff's claim as an unspecified allegation of "misappropriation of technology," plaintiff's claim would be subject to the catch-all provision of New York State's statute of limitations. This provision states: "The following actions must be commenced within six years … an action for which no limitations is specifically prescribed by law." N.Y.S.Civ.Prac.L. & R. § 213(1) (McKinney 1990). Because plaintiff claims that defendants "misappropriated" the computer program and the user manual in 1974, the statute of limitations for plaintiff's claim of misappropriation of technology began to run in 1974. Therefore, plaintiff's claim is time-barred because he failed to file suit until April 1991. Further, this Court finds that the statute of limitations should not be tolled for the reasons previously discussed.

Accordingly, this Court finds that all of plaintiff's state-law claims are barred by the applicable statute of limitations, and therefore defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman and defendant Finn are entitled to judgements as a matter of law.

### 3. *Plaintiff's Motion for Partial Summary Judgment*

■ After examining defendants' motions for summary judgment, this Court must now turn to plaintiff's motion for partial summary judgment. As previously discussed, Rosner has moved for partial summary regarding the copyright of the user manual, TXu 388–472. Rosner seeks a judgment that: (1) he owns the copyright to the user manual; (2)

---

**4.** Plaintiff voluntarily dismissed this cause of action against defendant Finn. Even if plaintiff had not dismissed this cause of action against Finn, however, this Court finds that this Court's

statute-of-limitations analysis would apply to a misappropriation-of-technology claim brought against Finn.

that defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman are not entitled to a declaratory judgment that plaintiff does not hold a valid copyright to the user manual; (3) copyright TXu 388–472 should not be canceled; and (4) defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman infringed Rosner's copyright of the user manual. ("Plaintiff's Summary Judgment Memo" at 4.)

Plaintiff is not entitled to summary judgment on any of these claims, however, because a genuine issue of material fact exists regarding who is the author of the user manual. In an affidavit submitted in support of his motion for summary judgment, plaintiff contends that he is the author of the manual. (Affidavit of Steven Rosner (October 19, 1993).) Plaintiff asserts, "I was given the task by Arthur Dorfman to write a System Specifications Manual," and he states that "[b]y early September 1973, I completed the first draft of the specifications manual, which I typed, and turned it over to Arthur Dorfman." *Id.* ¶¶ 8–9.

In contrast, defendants contend that "Rosner copied the subject matter of [the manual] from documents that originated with [defendants]." (Respondent's [sic] Memorandum in Response to Plaintiff Rosner's Motion for Partial Summary Judgment at 3.) In support of this claim, defendants have submitted declarations from Bertrand Dorfman and Henry Oswald ("Oswald"), who worked on Codata's fire-control-and-monitoring system. Bertrand Dorfman states that Rosner copied the manual from works that were created by employees of Codata, Oswald, and Oswald's wife. (Bertrand Dorfman's Declaration ¶¶ 16–18.) Moreover, Oswald states in his declaration that he and his wife worked for Codata and created a computer program and documents that described the program's operations. (Henry Oswald's Declaration ¶¶ 8, 20–21.)

Because a genuine issue of material fact exists regarding whether plaintiff is the author of the user manual, plaintiff's summary judgment motion must be denied. "In considering [a summary judgment] motion, the court's responsibility is not to resolve disputed issued of fact but to assess whether there are any factual issued to be tried...." *Knight,* 804 F.2d at 11 (citations omitted). In the case at bar, there is a disputed issue of fact regarding whether Rosner is the author of the manual or whether he copied the manual from documents prepared for Codata by other employees. Indeed, in his memorandum in support of his summary-judgment motion, Rosner appears to recognize this dispute when he asserts "defendants' allegations ... [that] Rosner copied *The Manual* from Codata [are] false...." (Plaintiff's Summary Judgment Memo at 16.) This disputed issue of fact precludes this Court from ruling that as a matter of law: (1) Rosner owns the copyright to the user manual; (2) defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman are not entitled to a declaratory judgment that plaintiff does not hold a valid copyright to the user manual; (3) copyright TXu 388–472 should not be canceled; and (4) defendant Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman infringed Rosner's copyright of the user manual. Accordingly, plaintiff's motion for summary judgment must be denied.

In sum, this Court has found that defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman and defendant Finn are entitled to judgments as a matter of law on all of the claims that plaintiff has brought in the instant case. This Court also has found that plaintiff is not entitled to partial summary judgment. Because this Court granted defendants' motions on all of plaintiff's claims, the only claims outstanding in the instant case are defendants Codata Zeteck, Bertrand Dorfman, and Arthur Dorfman's counterclaims seeking a declaratory judgment that Rosner does not hold a valid copyright to the computer program or the user manual, and seeking a declaration cancelling copyright registration numbers TXu 389–102 and TXu 388–472.

### CONCLUSION

Plaintiff's motion for partial summary judgment is DENIED.

Defendant Finn's motion for summary judgment is GRANTED.

Defendants Codata, Zeteck, Bertrand Dorfman, and Arthur Dorfman's motion for summary judgment is GRANTED.

SO ORDERED.